**Violet BECK, Petitioner,**

v.

**Merle A. BECK, Respondent.**

No. C–8033.

Supreme Court of Texas.

June 7, 1989.

Duncan F. Wilson, Carroll C. Cook, Jr., Austin, for petitioner.

Forrest Sanderson, III, Bastrop, for respondent.

DOGGETT, Justice.

Violet Beck filed a petition for bill of review seeking to set aside a divorce judgment. Following a pre-trial hearing, the trial court dismissed the petition, holding that Violet had failed to make a prima facie showing of her meritorious defense to the divorce action. The court of appeals, in an unpublished opinion with one justice dissenting, affirmed, although on different grounds. The court of appeals assumed, without deciding, that Violet had made out a prima facie defense but nevertheless affirmed the order of dismissal because it concluded that her sworn pleadings, as a matter of law, established her negligence. We reverse the judgment of the court of appeals because it has erroneously converted the pre-trial hearing authorized by *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex. 1979), for inquiry into the meritorious defense element of petitioner's bill of review, into a summary judgment proceeding on all elements of Violet's bill of review.

■ It has long been the rule that a party seeking to invoke a bill of review to set aside a final judgment must prove three elements: (1) a meritorious defense to the cause of action alleged to support the judgment;[1] (2) an excuse justifying the failure to make that defense which is based on the fraud, accident or wrongful act of the opposing party; and (3) an excuse unmixed with the fault or negligence of the petitioner. *Hanks v. Rosser*, 378 S.W.2d 31, 34 (Tex.1964). In *Baker v. Goldsmith* we reiterated these traditional elements and out-

1. The issue of whether *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) affects the requirement of a meritorious defense in this bill of review proceeding has not been fully briefed and argued, and we do not address it in this case.

lined the trial procedure to be utilized for bills of review. In order to assure that valuable court time is not wasted by conducting a spurious "full-blown" examination of the merits, we directed that the petitioner be required to present prima facie proof of a meritorious defense as a pretrial matter. *Id.* at 408–09. After a prima facie showing, the trial court then conducts a trial on the remaining elements. However, if the trial court determines that a prima facie defense is not made out, it may dismiss the case.

The trial court in this cause attempted to follow our suggested procedure. The Family Code vests discretion in the trial court to determine the best interests of the children and to make a division of community property which is just and right. Tex.Fam. Code Ann. §§ 3.63(a) and 14.07(a) (Vernon Supp.1989 and Vernon 1986).

 To establish a prima facie defense in this case, Violet argued that her absence from trial weighed significantly in the trial court's determination that the best interests of the children would be served by the appointment of Merle, the father, as managing conservator. Violet further argued that Merle was awarded approximately 99% of the community property and that had she been at trial the court would not have made such a disproportionate division. Merle's attorney essentially conceded at the pre-trial hearing that Violet had made out a prima facie defense when he stated: "And I would be willing to stipulate that there is a meritorious defense, I'm not real sure what it is, but for purposes of this hearing I will stipulate to that." The trial court agreed, stating, "I'm convinced that she has [a] good claim." Nevertheless, the trial court, without further explanation, de-

nied Violet's bill of review relief for failing to show a prima facie defense.

The court of appeals chose not to deal with the meritorious defense issue. Instead, it determined that the facts alleged by Violet established her negligence as a matter of law. The court of appeals concluded that Violet was negligent in failing to diligently pursue other remedies such as a motion for new trial or appeal by writ of error. The flaw in this approach is that the court of appeals treated the pre-trial hearing concerning only the issue of Violet's meritorious defense as a summary judgment hearing on all elements of Violet's petition for bill of review. Such review would be erroneous even if Merle had filed a motion for summary judgment, because no summary judgment record was developed and it is improper to use summary judgment to determine whether pleadings fail to state a cause of action. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974).

We hold that in conducting the pre-trial hearing authorized by *Baker v. Goldsmith*, the only relevant inquiry is whether the petitioner has presented prima facie proof of a meritorious defense. Violet did in this case. We reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings in accordance with this opinion.