Richard Allen ORTMANN, Sr., Appellant,

v.

Karen Sue ORTMANN, n/k/a Karen Sue Brown, Appellee.

No. 14–98–00052–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 22, 1999.

Ronald J. Christopher, Houston, for appellants.

Michael C. Engelhart, Houston, for appellees.

Panel consists of Chief Justice
MURPHY and Justices ANDERSON and
HUDSON.

## OPINION

PAUL C. MURPHY, Chief Justice.

This is an appeal from a summary judgment in a divorce proceeding in favor of appellee, Karen Sue Ortmann n/k/a/ Karen Sue Brown ("Brown"), denying the bill of review of appellant, Richard Allen Ortmann ("Ortmann"). On appeal, Ortmann presents two issues for review. We affirm.

### Background

On January 24, 1995, Brown filed for divorce from Ortmann. On June 25, 1996,

a hearing was conducted and the trial court subsequently ordered that Ortmann pay Brown $30,000 for fraud on the estate and waste of community assets unless Ortmann could properly account for $30,000 that he had presumably received as settlement funds from a lawsuit filed in El Paso in 1992. On October 4, 1996, the court entered a consent divorce decree granting judgment against Ortmann for $20,000 for fraud on the community estate and waste of community assets, and awarding $10,000 in attorney's fees to Brown. After the trial court lost plenary power over its judgment in the divorce proceeding, Ortmann filed a bill of review on March 17, 1997, seeking to have the money judgment against him set aside. Brown subsequently filed a motion for summary judgment requesting that all relief requested by Ortmann in his bill of review be denied. The trial court granted Brown's motion. The appeal now before us is from the rendition of summary judgment in favor of Brown.

## Standard of Review

Summary judgment is proper when a movant establishes there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 774 (Tex.1995); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue which precludes summary judgment, proof favorable to the nonmovant will be taken as true. *See Nixon,* 690 S.W.2d at 548–49. Furthermore, we must indulge every reasonable inference in favor of the nonmovant. *See Randall's Food Mkts., Inc.,* 891 S.W.2d at 644. The movant is also entitled to summary judgment if the nonmovant cannot produce competent summary judgment proof for all essential elements of its claim. *See* Tex.R. Civ. P. 166a(i).

## Discussion

■ In his first issue presented for review, Ortmann contends the trial court erred in overruling his objection to proceeding with the hearing on Brown's summary judgment motion. Specifically, Ortmann asserts the trial court was required to make a separate, preliminary determination as to whether he had presented a prima facie meritorious defense before disposing of the bill of review by summary judgment. By overruling his objection to the court's failure to make such a preliminary determination, Ortmann concludes the trial court erred and the summary judgment should be reversed.

■ Texas Rule of Civil Procedure 329b(f) provides that "[o]n expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause...." Tex.R. Civ. P. 329b(f). It is well settled that a plaintiff seeking to invoke a bill of review to set aside a final judgment must establish three elements: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) an excuse justifying the failure to make that defense which is based on the fraud, accident, or wrongful act of the opposing party; and (3) an excuse unmixed with the fault or negligence of the plaintiff. *See Beck v. Beck,* 771 S.W.2d 141, 141 (Tex.1989); *Baker v. Goldsmith,* 582 S.W.2d 404, 406– 07 (Tex.1979); *Hanks v. Rosser,* 378 S.W.2d 31, 34 (Tex.1964). "In order to assure that valuable court time is not wasted by conducting a spurious 'full-blown' examination of the merits," the bill of review plaintiff must present prima facie proof of a meritorious defense as a pretrial matter. *Beck,* 771 S.W.2d at 142; *see also Baker,* 582 S.W.2d at 408. Once a prima facie showing has been made, the trial court then conducts a trial on the remaining merits. *See Beck,* 771 S.W.2d at 142.

Ortmann cites to *Beck* and *Baker* for the proposition that a trial court must first conduct a separate hearing to determine if

a plaintiff has pleaded and proved a prima facie meritorious defense. We note that while it is clear that the existence of a prima facie meritorious defense must be determined as a pretrial matter, nowhere in *Beck* or *Baker* does the supreme court state that the trial court must conduct a separate hearing in making that determination. Rather, the *Beck* and *Baker* courts held only that a bill of review plaintiff must *present* a prima facie meritorious defense. If the trial court subsequently determines that a defense has not been made out, it may dismiss the case. *See Beck,* 771 S:W.2d at 142. Moreover, a requirement that a trial court conduct a separate hearing to determine whether a meritorious defense exists would defeat the purpose of such a pretrial determination, that is, judicial economy. We therefore find the trial court did not err in overruling Ortmann's objection to proceeding with the hearing on Brown's summary judgment motion. Ortmann's first issue is overruled.

In his second issue, Ortmann contends the trial court erred in granting summary judgment denying his bill of review. Specifically, he argues that genuine issues of material fact exist as to one or more of the elements of his bill of review, thereby precluding summary judgment.

### A. Meritorious Defense

■■■ As noted above, a party must first present a prima facie meritorious defense in order to prevail on a bill of review. A party establishes a meritorious defense when it proves that (1) its defense is not barred as a matter of law, and (2) it will be entitled to judgment on retrial if no evidence to the contrary is offered. *See Amanda v. Montgomery,* 877 S.W.2d 482, 486 (Tex.App.—Houston [1st Dist.] 1994, no writ). Prima facie proof of a meritorious defense may consist of documents, answers to interrogatories, admissions, and affidavits. *See Baker,* 582 S.W.2d at 409. Likewise, the bill of review defendant may respond with similar proof showing the defense is barred as a matter of law. *See id.* Ortmann asserts that he had a meritorious defense, namely, that he never received the settlement funds from the El Paso lawsuit.[1] In fact, Brown does not dispute the existence of such a defense, and states in her brief that "[n]o one in this case has ever stated that Ortmann received the funds." However, notwithstanding the existence of such a defense, we find that it is barred as a matter of law.

In *Amanda v. Montgomery,* 877 S.W.2d 482 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding), a former wife sought a writ of mandamus challenging the trial court's denial of her motion for severance of her former husband's petition for a bill of review and order for paternity testing. *See id.* at 484. The court addressed the issue of whether the former husband was entitled to bring a bill of review based on the allegation that his wife had fraudulently precluded him from denying paternity. *See id.* The court held the plaintiff was not entitled to proceed with his bill of review action for two reasons, one of which was because he had knowledge of circumstances which should have caused him to contest paternity at the time of the divorce proceeding.[2] *See id.* at 487; *see also Spears v. Haas,* 718 S.W.2d 756, 758 (Tex. App.—Corpus Christi 1986, orig. proceed-

---

**1.** The settlement funds in question resulted from a lawsuit filed by Ortmann in 1992. Under the guise of using the funds to file another lawsuit against the same defendants, Ortmann's attorney, Randy Bullis, forged Ortmann's signature, converted the funds to his own use, and concealed the misappropriation of the funds from Ortmann. After confessing to his actions, Bullis resigned as an attorney and surrendered his license to practice law in a 1994 disciplinary proceeding involving several complainants. Bullis was also indicted for felony theft and felony misapplication of fiduciary funds by an El Paso grand jury.

**2.** The court found that because the plaintiff had made counterclaim allegations of adultery, he knew of circumstances at the time of the divorce which should have caused him to contest paternity.

ing) (finding that because former husband had a vasectomy two years before the birth of his children, he should have contested paternity at the time of the divorce). In failing to timely raise his defense, it was consequently barred as a matter of law. *See id.* Similarly, the summary judgment proof adduced in this case demonstrates that Ortmann knew of, and could account for, the settlement funds as early as 1992, and also knew he had not received them. Ortmann states in his affidavit that, in 1992, he was aware that his attorney, Bullis, had received $30,000 in settlement funds and intended to use the funds to post a bond to bring a second lawsuit. In Bullis's affidavit, Bullis also states he told Ortmann in 1992 that he intended to use the funds in order to file a subsequent lawsuit. Additional summary judgment proof included (1) Ortmann's response to summary judgment in which he states that he had attempted to testify about the $30,-000 settlement funds at the divorce proceeding; (2) releases for the settlement funds signed by Ortmann; and (2) Bullis's written deposition answers in which he stated that he (i) sought Ortmann's permission to endorse the $25,000 check; and (ii) told Ortmann the funds were to be used as a bond. Ortmann's knowledge of the funds should have caused him to raise this defense at the time the divorce action was instituted. We find Ortmann's failure to raise this defense before judgment was rendered against him in the divorce proceeding, and his failure to adduce any summary judgment proof raising a fact issue as to this element, barred the defense as a matter of law.

## B. Fraud

The second element that a bill of review plaintiff must prove is that he was prevented from asserting the meritorious defense because of the extrinsic fraud, accident, or wrongful conduct of an opposing party. *See Beck,* 771 S.W.2d at 141; *Baker,* 582 S.W.2d at 406–07. Ortmann alleges Bullis committed extrinsic fraud by concealing the existence of the settlement funds to which Ortmann was entitled, and subsequently converting them.

■■■ For purposes of a bill of review, extrinsic fraud is committed if a wrongful act of an opposing party prevents the losing party from knowing of his rights or defenses, or from having a fair opportunity to present them at trial, and the fraud is not actually or potentially an issue to the trial but collateral to the matter. *See Lawrence v. Lawrence,* 911 S.W.2d 443, 447 (Tex.App.—Texarkana 1995, writ denied). By contrast, intrinsic fraud exists when "the fraudulent acts pertain to an issue involved in the original action, or where the acts constituting the fraud were, or could have been, litigated therein." *Amanda,* 877 S.W.2d at 488 (quoting *Montgomery v. Kennedy,* 669 S.W.2d 309, 313 (Tex.1984)). Ortmann argues that it was Bullis's deception in telling him the funds were being used as a bond in a second lawsuit that prevented Ortmann from knowing of his defense and presenting it at trial, thereby constituting extrinsic fraud. However, as noted above, extrinsic fraud exists where it is not actually or potentially an issue to the trial, but merely collateral to the matter. *See Lawrence,* 911 S.W.2d at 447. Bullis's actions were such an integral part of the underlying divorce action that he was *joined* and served as a party to the lawsuit, in order to ascertain the whereabouts of the settlement funds. Bullis's alleged fraudulent acts became an actual issue in the underlying suit, and therefore, can hardly be said to be a collateral matter. After reviewing the summary judgment record, we find Ortmann did not present any summary judgment proof demonstrating the existence of a genuine issue of material fact as to this second element.

■■■ The second element of a successful bill of review also requires that the fraud, accident, or wrongful act be committed by an "opposing party." *See Steward v. Steward,* 734 S.W.2d 432, 434 (Tex. App.—Fort Worth 1987, no writ). In sup-

port of his contention that Bullis was an opposing party for purposes of bringing a bill of review, Ortmann argues that "[a] person who steals $30,000 from another person is by fundamental reasoning and definition an opponent of his victim." However, Ortmann cites no authority for this proposition, and Texas law states otherwise. *See, e.g., Transworld Fin. Servs. Corp. v. Briscoe,* 722 S.W.2d 407, 408 (Tex. 1987) (holding a bill of review plaintiff must have been prevented from making his defense by the fraud of the person against whom the bill of review is brought); *Martin v. Martin,* 840 S.W.2d 586, 591 (Tex.App.—Tyler 1992, writ denied) (defining extrinsic fraud as "wrongful conduct of the successful party practiced outside of an adversary trial, [and] practiced directly upon the defeated party, his agents, or witnesses"); *Rathmell v. Morrison,* 732 S.W.2d 6, 13 (Tex.App.—Houston [14 th Dist.] 1987, no writ) (concluding the extrinsic fraud must be committed by the other party to the suit). In this case, Bullis was not the person against whom the bill of review was brought, the successful party, or the original plaintiff. Ortmann presents no summary judgment proof to raise a fact issue as to whether Bullis was an "opposing party." In the absence of such proof and authority to support his contention, the trial court did not err in concluding that no fact issue existed as to whether Bullis was an opposing party.

### C. Unmixed with Fault

The third element which a plaintiff must prove to prevail on his bill of review is that the excuse is unmixed with any fault or negligence on his part. *See Beck,* 771 S.W.2d at 141. Ortmann contends he was not negligent in permitting the judgment for fraud on the estate and waste of community assets to be rendered against him, and that genuine fact issues exist as to whether he was diligent in making his defense.

Texas courts require that the party seeking relief under a bill of review should not have been responsible in any manner for permitting the judgment to be rendered. *See Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). As noted earlier, the summary judgment proof included Ortmann's affidavit in which he states that he had knowledge of, and could account for, the existence of the settlement funds from the time the El Paso lawsuit settled in 1992, and the Settlement and Release documents bearing Ortmann's signature. More important, the divorce judgment was entered by a consent divorce decree, rather than a contested decree. This summary judgment proof shows that Ortmann knew about the receipt of funds in 1992, more than four years before the divorce judgment was entered, and therefore had ample opportunity to develop this defense to the judgment in the underlying action. In the absence of controverting proof, we conclude the trial court properly found that no fact issue existed as to whether Ortmann exercised diligence in preventing the judgment from being entered against him.

Finally, Ortmann contends that he exhausted all legal remedies in order to bring his bill of review. Ortmann asserts because he first learned of Bullis's fraud upon him only after the divorce judgment had become final, and thereafter filed a criminal complaint, that he diligently pursued his legal options and is therefore entitled to the relief requested in his bill of review. We disagree.

According to Ortmann's own affidavit, he had knowledge of the circumstances which would have permitted him to account for the funds prior to the entry of judgment. Furthermore, Ortmann would also have been able to file a motion for new trial or directly appeal the divorce judgment. Ortmann also failed to appeal the court's refusal to hear testimony regarding the settlement funds during the trial of the underlying divorce action. Finally, Ortmann signed a consent divorce

decree, rather than a contested decree. We believe these facts belie his contention that he diligently exhausted his legal remedies. *See Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex.1989) (stating bill of review is proper where a party has exercised due diligence to avail itself of all adequate legal remedies against a former judgment). Ortmann has not adduced any controverting summary judgment proof that raises a fact issue as to whether he exhausted his legal remedies before bringing a bill of review to set aside the judgment below. Consequently, we find the trial court properly granted summary judgment in favor of Brown on Ortmann's bill of review.

We affirm the trial court's judgment.