Opinion issued May 12, 2005












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01219-CV




MABON LIMITED, Appellant

V.

AFRI-CARIB ENTERPRISES, INC., Appellee




On Appeal from the165th District Court
Harris County, Texas
Trial Court Cause No. 2001-35881




MEMORANDUM OPINION

          This appeal arises from a suit for breach of contract brought by appellee, Afri-Carib Enterprises, Inc., (“Afri-Carib”), against appellant, Mabon Limited (“Mabon”). 
A post-answer default judgment was entered against Mabon, which failed to appear
at trial. On appeal, the judgment was affirmed with a reduction in attorney’s fees.
Mabon Ltd. v. Afri-Carib Enters., Inc., 29 S.W.3d 291, 302 (Tex. App.—Houston
[14th Dist.] 2000, no pet.). Mabon’s subsequent petition for bill of review was
denied, and this appeal ensued.
          Appellant contends that the trial court erred in denying its petition for bill of
review because, even though it was not required to show a meritorious defense
because the default judgment was taken without proper notice, in violation of due
process, such meritorious defense was shown. 
          We reverse and remand.
BACKGROUND 
          Only those facts pertinent to a determination of the issues presented are stated. 
A more complete statement of the facts is given in Id. at 295. 
          Afri-Carib is a Texas oil and gas exploration corporation doing business in
Africa. In 1990, Afri-Carib entered into a joint venture with Mabon, a Nigerian
company, providing that the parties would share contacts and information with one
another, in exchange for commissions.
          Subsequently, Afri-Carib introduced Mabon to TGS International Geophysical
Company (“TGSI”). Mabon and TGSI entered into a joint venture, and Mabon 
terminated its relationship with Afri-Carib. Afri-Carib claimed it was never paid the
commissions due for introducing Mabon to TGSI.
          In 1996, Afri-Carib filed a breach of contract claim in Harris County against
Mabon to recover the commissions. Mabon does not maintain offices or designated
agent for service of process in Texas. Service of process was effectuated in Nigeria 
via the Texas Secretary of State. Mabon retained Texas counsel, Ward P. Robinson,
II, and filed a “Defendant’s Special Appearance and Original Answer.” Mabon
answered with a general denial.
          On September 28, 1998, a bench trial was held, but only Afri-Carib appeared. 
The trial court signed a default judgment against Mabon in the amount of
$1,098,520.40 on the breach of contract claim and $300,000 in attorney’s fees.
Mabon states that it first learned of the default judgment in February 1999, when,
pursuant to the trial court’s order, Afri-Carib began garnishing Mabon’s assets.
          First, Mabon challenged the default judgment by restricted appeal. Mabon
asserted that the contract was unenforceable, that it contained binding forum selection
and arbitration clauses, and that the evidence was insufficient to support the damages. 
The Fourteenth Court of Appeals reduced the attorney’s fees to $75,000, but affirmed
the judgment in all other respects. Id. at 302.
          Then, on July 17, 2001, Mabon challenged the default judgment by petition for
bill of review. Mabon argued that, while notice of the trial setting and notice of the
default judgment were mailed to its attorney, Robinson, such notices were insufficient
because Robinson was administratively suspended from the practice of law at the
time.
          A pre-trial hearing was conducted on the bill of review, during which the trial
court instructed both parties to file motions for summary judgment on the question
of prima facie proof of a meritorious defense. The trial court then denied both
parties’ motions for summary judgment. In July 2003, a second hearing was held,



during which the trial court “denied” the bill of review on the grounds that notice to
Robinson was sufficient and that Mabon “failed to meet any obligations applied to
the standards for bill of review on a prima facie finding.” 
ANALYSIS
          In what we construe as its sole issue, Mabon contends that the trial court erred
in dismissing its petition for bill of review. Mabon contends that it has several
meritorious defenses that it was prevented from presenting because it was not
properly noticed of the trial setting and failed to appear. Although Mabon concedes
that notice was sent to Robinson, Mabon contends that such notice was ineffective
because Robinson was administratively suspended from the practice of law during
that time. Mabon contends that the suspension terminated the attorney–client
relationship between Robinson and Mabon; thus, notice to Robinson could not be
imputed to Mabon. Mabon asserts that it should have been individually noticed and,
because it was not, it was deprived of an opportunity to present its defense, in
violation of its due process rights. Hence, argues Mabon, in light of the due process
violation, the bill of review should have been granted because Mabon was not
required to show a meritorious defense.
A.      Bill of Review
          A bill of review is a separate, independent suit brought by a party to a former
action who is seeking to set aside a final judgment that is no longer subject to a
motion for new trial or appealable. See Caldwell v. Barnes, 975 S.W.2d 535, 537
(Tex. 1998); Wolfe v. Grant Prideco, Inc., 53 S.W.3d 771, 773 (Tex. App.—Houston
[1st Dist.] 2001, pet. denied). It is an equitable remedy available only when a party
has “demonstrated due diligence and can show, through no fault of its own, that no
other legal remedy was available.” Caldwell, 975 S.W.2d at 537–38; Hernandez v.
Koch Mach. Co., 16 S.W.3d 48, 57 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied). To succeed by bill of review, a petitioner must prove that (1) he had a
meritorious defense, (2) he was prevented from asserting the claim or defense by the
fraud, accident, or wrongful act of his opponent or by official mistake, and (3) there
was no fault or negligence of his own that prevented the assertion of the claim or
defense. Caldwell, 975 S.W.2d at 537; Hernandez, 16 S.W.3d at 57.
          The procedure for conducting a bill-of-review hearing is set out in Baker v.
Goldsmith, 582 S.W.2d 404, 408-09 (Tex. 1979). First, the complainant files a
petition alleging factually and with particularity the three elements of a bill of review. 
Id. at 408. Then, the trial court conducts a pre-trial hearing on the bill of review
solely to determine whether the petitioner has presented prima facie proof of a
meritorious defense. Id. at 408–09. The only inquiry relevant in the pre-trial hearing
is (1) whether the complainant’s defense is barred as a matter of law and (2) whether
the complainant will be entitled to judgment on retrial if no evidence to the contrary
is offered. Id. In determining these issues, the trial court may consider discovery
documents, affidavits, or any other evidence that the trial court admits at its
discretion. Id. at 409. If the trial court determines that a prima facie showing has
been made in the pre-trial hearing, then the trial court conducts a trial on the
remaining bill-of-review elements. Beck v. Beck, 771 S.W.2d 141, 142 (Tex. 1989). 
If the trial court determines that a prima facie meritorious defense is not shown, then
the trial court dismisses the case.  Baker, 582 S.W.2d at 409. However, a showing
of a meritorious defense is not required in circumstances in which notice is lacking. 
Peralta v. Heights Medical Ctr. Inc., 485 U.S. 80, 85, 108 S. Ct. 896, 899 (1988);
Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988).
          Because a determination of whether a party has presented prima facie proof of
a meritorious defense is a question of law, we review the trial court’s decision of this
issue de novo. Nichols v. Jack Eckerd Corp., 908 S.W.2d 5, 7–8 (Tex.
App.—Houston [1st Dist.] 1995, no writ).
B.      Meritorious Defense      
          We need not reach the issue of whether Mabon was relieved of putting on a
meritorious defense due to insufficient notice because we hold that Mabon has in fact
presented prima facie proof of a meritorious defense.
          The only question before us on appeal is whether the trial court properly
dismissed the bill of review for failure to show a meritorious defense. See Beck, 771
S.W.2d at 142 (reversing appellate court for converting its review of the pre-trial
hearing authorized by Baker into a summary judgment proceeding on all of the
elements of the bill of review). We do not consider the bill of review as a whole. Id.
Although both parties filed motions for summary judgment, the trial court denied both
motions and no summary judgment record was developed before this Court. See id. 
          Mabon raises as its meritorious defenses, the following: defect of parties,
limitations, illegal contract, and “release and satisfaction” on the debt. During the
pre-trial hearing on the meritorious defense, Mabon was required to show a defense
that is not barred as a matter of law and that Mabon would be entitled to judgment on
retrial, unless contrary evidence is offered. See Baker, 582 S.W.2d at 408–09. Afri-Carib was entitled to present proof, but was limited to showing that the meritorious
defense was barred as a matter of law. See id. at 409. Any factual questions arising
out of factual disputes must be resolved in favor of the complainant at this
preliminary stage of the proceedings. See id.
          In its petition for bill of review, Mabon put on prima facie proof that the statute
of limitations had expired on Afri-Carib’s claim before suit was filed. Mabon showed
that it repudiated its agreement with Afri-Carib in a letter dated January 31, 1991 and
that this repudiation constituted a breach of its contract with Afri-Carib. Mabon
showed that the statute of limitations on a breach of contract claim is four years and
that Afri-Carib had to file suit by February 1, 1995. Tex. Civ. Prac. & Rem. Code
Ann. § 16.004 (Vernon 2002) (stating that cause of action for breach of contract 
must be brought no later than four years after date cause of action accrues). However,
the record reflects that Afri-Carib did not file suit until September 5, 1996. A
limitations bar that was effective when the original action was instituted is “classed”
as meritorious. Fowzer v. Huey & Philp Hardware Co., 99 S.W.2d 1100, 1103 (Tex.
App.—Dallas 1936, writ dism’d). Further, absent contrary evidence, proof of this
claim would entitle Mabon to judgment in its favor. We hold that this proof of its
limitations defense meets its prima facie burden in a bill of review proceeding.
          Afri-Carib contends that limitations, as the other defenses offered by Mabon,
is barred as a matter of law because it is an affirmative defense that was waived when
it was not raised prior to the bill of review. Tex. R. Civ. P. 94 (listing affirmative
defenses and requiring they be set forth in responsive pleading); Onwukwe v. Ike, 137
S.W.3d 159, 166–67 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (listing
requirements for restricted appeal). 
          The Texas Supreme Court, however, recently observed that it has “never held
that failing to file a restricted appeal bars a bill of review” and clearly delineated that
a restricted appeal and a bill of review are alternative “appellate avenues.” Gold v.
Gold, 145 S.W.3d 212, 214 (Tex. 2004). In addition, the court stated that a party
choosing a bill of review over a restricted appeal is not “ignoring its remedies.” Id. 
 Further, the court stated that a failure to file a restricted appeal could only be relevant
to the third prong of the bill of review requirements—that no negligence or fault of
the complainant deprived him of an opportunity to present his defense. Id. Following
this reasoning to its logical conclusion, we conclude that, failure to raise a possible
defense on restricted appeal does not operate to bar such defense as matter of law for
purposes of bill of review. Further, based on Gold, any failure to raise a possible
defense on restricted appeal would only go to the third prong of the bill of review. 
Id. Here, we are only concerned with the first prong.
          Having determined that Mabon has shown prima facie proof of a meritorious
limitations defense, we need not reach the other defenses offered. Mabon has met its
burden and the trial on the bill of review should proceed.
          Mabon’s sole issue is sustained.
CONCLUSION

          We hold that Mabon established a prima facie meritorious defense, satisfying
the first element of a bill of review, and was therefore entitled to a jury trial on the
bill’s merits. Accordingly, we reverse the trial court’s judgment and remand for
further proceedings on the bill of review.



                                                             Laura Carter Higley 
                                                             Justice



Panel consists of Chief Justice Radack and Justices Higley and Bland.