Opinion issued January 10, 2008









In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00404-CV
____________

HOWARD VANZANDT WILLIAMS, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE—INSTITUTIONAL
DIVISION, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 37699




MEMORANDUM OPINION
          Howard Vanzandt Williams appeals the trial court’s order denying his bill of
review. We affirm.
 
 
Factual and Procedural Background
          Howard Vanzandt Williams, an inmate of the Texas Department of Criminal
Justice-Institutional Division (“TDCJ–ID”), sued Dale Denault, a corrections officer
employed by TDCJ–ID, and TDCJ–ID. The trial court dismissed the suit in its
entirety, and Williams appealed to the 14th Court of Appeals. The 14th Court of
Appeals affirmed the dismissal as to Denault only and reversed it as to claims against
TDCJ–ID. See Williams v. Denault, No. 14-00-00889-CV, 2001 WL 1249311, *5
(Tex. App.—Houston [14th Dist.] October 18, 2001, no pet.) (memo op.). 
          Concluding that Williams had stated a claim against TDCJ–ID subject to the
Texas Tort Claims Act, but that Williams had not served TDCJ–ID nor had TDCJ–ID
answered the allegations, the 14th Court held that “the trial court abused its discretion
in ordering that the case was dismissed with prejudice and in its entirety as frivolous.”
 Id. at *4. In so holding, the court determined that the trial court’s order dismissing
the entire action with prejudice “cannot be said to operate as a dismissal on the merits
of a defendant that has not yet been served or answered on the record.” Id. at *4. 
          The opinion from the 14th Court of Appeals issued on October 18, 2001. On
March 12, 2003, Denault’s attorney, a representative from the Attorney General’s
office, filed an amicus motion to dismiss the claims against TDCJ–ID for want of
prosecution and as frivolous because the statute of limitations had run. An order of
dismissal was signed in July and again in December of 2003. The orders are
identical, except that the December order includes the language, “All relief not
specifically granted is denied.”
          In April of 2006, Williams filed a petition for a bill of review seeking to set
aside the court’s judgment dismissing his claims against TDCJ–ID. That petition
does not contain a certificate of service. As best we can determine, Williams alleged
that TDCJ–ID waived service. The trial court denied the petition for bill of review
without a hearing.
Bill of Review
          A bill of review is an independent equitable action brought by a party to a
former action seeking to set aside a judgment that is no longer appealable or subject
to a motion for new trial. Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979). The
grounds upon which a bill of review can be obtained are narrow because the
procedure conflicts with the fundamental policy that judgments must become final at
some point. Transworld Fin. Servs. Corp. v. Briscoe, 722 S.W.2d 407, 407 (Tex.
1987); Alexander v. Hagedorn, 148 Tex. 565, 569, 226 S.W.2d 996, 998 (1950). The
mere fact that an injustice has been done is not sufficient to warrant granting a bill of
review. Alexander, 148 Tex. at 569, 226 S.W.2d at 998.
          A party who has participated in the trial court proceedings must plead and
prove three elements to obtain a bill of review: (1) a meritorious ground of appeal
exists; (2) which the party was prevented from presenting in a motion for new trial
or ordinary appeal by the fraud, accident, or wrongful act of the opposing party, or
official mistake or misinformation; (3) unmixed with the fault or negligence of the
petitioner. McDaniel v. Hale, 893 S.W.2d 652, 660, 662–63 (Tex. App.—Amarillo
1994, writ denied); see Petro-Chem. Transp., Inc. v. Carroll, 514 S.W.2d 240,
245–46 (Tex. 1974). A meritorious ground of appeal is one that, had it been
presented to the appellate court as designed, might, and probably would, have caused
the judgment to be reversed. Petro-Chem., 514 S.W.2d at 245.
          In our review, we must indulge every presumption in favor of the trial court’s
ruling. Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.—Houston [14th
Dist.] 2002, no pet.). We will not disturb that ruling unless the petitioner is able to
show affirmatively that there was an abuse of judicial discretion. Id. A trial court
abuses its discretion only if it acts in an unreasonable or arbitrary manner or without
reference to any guiding rules and principles. Id. Finally, because we have no
findings of fact or conclusions of law entered in this case, we must affirm the trial
court’s ruling on any theory finding support in the record. See id. When the inquiry
on the bill of review concerns questions of law, such as whether an appellant
presented prima facie proof of a meritorious ground of appeal, we review the trial
court’s decision de novo. See BMC Software Belg., N.V. v. Marchand, 83 S.W.3d
789, 794 (Tex. 2002).
          As a pretrial matter, the plaintiff must present prima facie proof to support the
alleged meritorious claim. Caldwell v. Barnes, 154 S.W.3d 93, 97 (Tex. 2004);
Baker, 582 S.W.2d at 408; Martin v. Martin, 840 S.W.2d 586, 591 (Tex. App.—Tyler
1992, writ denied). If the trial court concludes that a prima facie meritorious ground
of appeal has not been shown, it may dismiss the case without conducting a trial. 
Beck v. Beck, 771 S.W.2d 141, 142 (Tex. 1989); Baker, 582 S.W.2d at 409. Prima
facie proof may consist of documents, admissions, and affidavits, along with other
evidence that the trial court may receive. Baker, 582 S.W.2d at 409. Williams
presented no proof to support the allegations contained in his petition for bill of
review. See Caldwell, 154 S.W.3d at 97. Thus, the trial court did not err if it
concluded that Williams failed to establish a meritorious claim in his bill of review.
 Conclusion
          We affirm the order of the trial court.
 
                                                                        Tim Taft
Justice
 
Panel consists of Justices Taft, Hanks, and Higley.