In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00323-CV


____________________



THOMAS E. CASH, Appellant



V.



BEAUMONT DEALERS AUTO AUCTION, INC., Appellee






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 106087






 OPINION


 In a former lawsuit between Beaumont Dealers Auto Auction, Inc. ("Auto Auction")
and Thomas E. Cash, the trial court entered a default judgment in the amount of $47,590
against Cash. Contending that he was never served in the former suit, Cash filed a bill of
review to attack the former judgment. Auto Auction answered and moved to dismiss. Based
on the motion to dismiss, the trial court entered an order dismissing Cash's bill of review
with prejudice. Cash appealed. We hold that Cash's verified pleadings established a prima
facie case that he was not served. Therefore, the trial court erred in dismissing Cash's bill
of review. We reverse the trial court's judgment and remand the case for further
proceedings. 

Background


 On April 12, 2007, Cash filed a bill of review, which was assigned cause number
106087, to attack the validity of a default judgment granted in cause number 105,383 by the
County Court at Law. Cash asserted in the bill of review that his due process rights were
violated when he suffered a default judgment without proper service of the former suit and
that he had "never received citation in this matter."

 Auto Auction, the beneficiary of the default judgment, answered the bill of review. 
On June 5, 2007, Auto Auction filed a motion to dismiss Cash's bill of review. In its motion
to dismiss, Auto Auction asserted that Cash failed to use due diligence before prosecuting
his bill of review because he did not pursue all legal remedies in an effort to prevent the
default judgment from becoming final.

 On Tuesday, June 5, Auto Auction issued a notice that the trial court would conduct
a hearing on its motion to dismiss on Monday, June 11. The trial court heard Auto Auction's
motion on June 11 despite Cash's attorney's absence. After the hearing, the trial court
entered an order stating Auto Auction's motion was "meritorious and should be, in all things,
granted[;]" the order also dismissed Cash's bill "with prejudice."

 Cash filed a motion for new trial and complained of the trial court's failure to provide
him with forty-five days' notice of trial. Cash also asserted that his attorney's failure to
appear at the hearing was the result of an accident or mistake; his attorney was not physically
present at his office when the attorney's office received the notice of hearing. Cash states
that as a result, his attorney was unaware of the hearing on June 11. The trial court denied
Cash's motion for new trial. Cash timely perfected his appeal from the trial court's order of
dismissal.

 Cash raises three issues in his appeal. Cash argues in his first issue that Auto
Auction's argument to the trial court - that Cash could not obtain relief from the former
judgment in the bill of review because he failed to first pursue all available post-judgment
legal remedies - was without merit. In issue two, Cash complains that the trial court did not
provide him with forty-five days' notice of the hearing and that this insufficient notice was
the cause of his attorney's failure to appear for the hearing. In issue three, Cash asserts the
trial court erred in making a merits-based ruling on Auto Auction's motion to dismiss.

 In response to issue one, Auto Auction asserts that Cash, by failing to exercise due
diligence to pursue post-judgment remedies, forfeited any remedy offered in equity through
a bill of review. Regarding issue two, Auto Auction contends that trial courts are not
required to give forty-five days' notice of hearings that concern a party's failure to exercise
diligence. With respect to issue three, Auto Auction concedes that the trial court's order
should be reformed to a dismissal without prejudice.

Analysis


 "A bill of review is an independent action to set aside a judgment that is no longer
appealable or subject to challenge by a motion for new trial." Wembley Inv. Co. v. Herrera,
11 S.W.3d 924, 926-27 (Tex. 1999). Ordinarily, a petitioner seeking a bill of review must
prove: "(1) a meritorious defense to the cause of action alleged to support the judgment; (2)
an excuse justifying the failure to make that defense which is based on the fraud, accident
or wrongful act of the opposing party; and (3) an excuse unmixed with the fault or negligence
of the petitioner." Beck v. Beck, 771 S.W.2d 141, 141 (Tex. 1989) (footnote omitted); see
also Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam) ("Caldwell II"). In
1979, the Texas Supreme Court suggested in Baker v. Goldsmith that a pretrial hearing, such
as the one at issue here, would allow a trial court to avoid wasting valuable judicial resources
by requiring the petitioner to present prima facie proof at an early stage to show that he
possessed a meritorious defense to the underlying cause of action. 582 S.W.2d 404, 408-09
(Tex. 1979) (creating a Baker hearing). 

 However, approximately nine years later, in a case involving a claim of non-service,
certain aspects of the Baker pre-trial procedure were found to violate the Due Process Clause. 
Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86-87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). 
Peralta, a case in which the petitioner asserted he was not served with a former suit, is
premised on the Fourteenth Amendment's Due Process Clause requirement of "'notice
reasonably calculated, under the circumstances, to apprise interested parties of the pendency
of the action and afford them an opportunity to present their objections.'" 485 U.S. at 84
(quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94
L.Ed. 865 (1950)). The Peralta Court held that it was unnecessary for the bill of review
petitioner to present a meritorious defense before being allowed to proceed to trial on the
merits of the claims raised in the bill of review when there had not been proper service of the
former action. Id. at 86-87. Because it was not argued in the courts below, however, the
Peralta Court expressly refused to address whether the bill of review petitioner asserting a
claim of non-service had to establish diligence in pursuing other post-judgment remedies to
qualify for potential relief through an equitable bill of review. Id. at 86. 

 On appeal, Auto Auction contends that the trial court dismissed Cash's petition
because he failed to exercise due diligence to challenge the default judgment. Relying on
Caldwell v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998) ("Caldwell I"), Auto Auction asserts
that the exercise of "due diligence" is a distinct and additional requirement that a bill of
review petitioner must establish to prevail. Specifically, in its motion to dismiss, Auto
Auction argued that Cash, after receiving notice of the default in cause number 105,383,
could have filed a motion for new trial, an appeal, or a restricted appeal. Thus, instead of
burdening Cash with making a prima facie showing of a meritorious defense, Auto Auction's
motion requested that the trial court require Cash to show that he acted with reasonable
diligence by pursuing certain post-default judgment remedies before allowing his bill of
review to proceed to trial. The trial court found Auto Auction's motion to have merit,
apparently accepting the argument that Auto Auction made in its motion that Cash had not
acted diligently.

 Thus, we first address whether the trial court, in a case involving a claim of non-service of process in the former suit, erred in requiring Cash to pursue post-judgment
remedies before allowing him to proceed to trial on the merits of his bill of review claim. 
In our opinion, three Texas Supreme Court cases resolve that issue. In Caldwell II, the Texas
Supreme Court stated:

 When a plaintiff claims lack of service, the trial court should: (1) dispense with
any pretrial inquiry into a meritorious defense, (2) hold a trial, at which the bill
of review plaintiff assumes the burden of proving that the plaintiff was not
served with process, thereby conclusively establishing a lack of fault or
negligence in allowing a default judgment to be rendered, and (3) conditioned
upon an affirmative finding that the plaintiff was not served, allow the parties
to revert to their original status as plaintiff and defendant with the burden on
the original plaintiff to prove his or her case.


154 S.W.3d at 97-98 (footnote omitted). Cash's verified petition asserted that he was never
served with citation. In a pre-trial Baker hearing, "factual questions arising out of factual
disputes are resolved in favor of the complainant for the purposes of this pretrial, legal
determination." Baker, 582 S.W.2d at 409. Therefore, under Caldwell II, Cash's sworn
petition alleging non-service conclusively established his lack of fault for purposes of the
pretrial proceeding. See Caldwell II, 154 S.W.3d at 96. Auto Auction's controverting
evidence, by which it sought to prove that Cash had actually been served with the former suit,
should have been a matter for a trial on the merits; it was not a matter for the trial court to
weigh and decide at the June 11 hearing.

 We also hold that Cash was not required to attack the former judgment as a
prerequisite for obtaining relief under an equitable bill of review. In Gold v. Gold, 145
S.W.3d 212, 213 (Tex. 2004) (per curiam), the Texas Supreme Court stated that "we have
never held that failing to file a restricted appeal bars a bill of review." The Gold Court
specifically held that failing to file a restricted appeal did not constitute fault or negligence
by the petitioner. Id. at 214. The Texas Supreme Court has also rejected the contention that
failing to file a motion for new trial shows a party's lack of diligence. In Ross v. National
Center for the Employment of the Disabled, 197 S.W.3d 795 (Tex. 2006) (per curiam), the
Texas Supreme Court reviewed the dismissal of a bill of review petition, and held that "the
court of appeals erred in requiring Ross to act diligently in a case in which he was never
served." Id. at 798. Under the circumstances presented in the court below, Cash could not
have been found negligent for failing in the former case to file a motion for new trial or a
restricted appeal. See Ross, 197 S.W.3d at 798; Gold, 145 S.W.3d at 214. 

 Auto Auction also asserts that Cash was at fault for failing to file a notice of appeal,
but this contention ignores the Texas Supreme Court's holding in Caldwell II, in which the
Court stated that "[a] party who becomes aware of the proceedings without proper service
of process has no duty to participate in them." 154 S.W.3d at 97 n.1. The Texas Supreme
Court expressly relied on this language in reaching its conclusion in Ross. 197 S.W.3d at
797. In our opinion, in bill-of-review suits that assert non-service, the Texas Supreme
Court's reasoning in Gold, which concerned a restricted appeal, and Ross, which concerned
a motion for new trial, also extends to the failure to file a notice of appeal that challenged the
former judgment.

 Cash's verified petition asserts that he was not served with the former suit; therefore,
we hold that the trial court erred in granting Auto Auction's motion to dismiss. Unless this
cause of action should be disposed of by summary judgment or special exception, Cash is
entitled to a trial to resolve whether he was actually served with the former suit. We sustain
issue one. 

 Because the other issues Cash raises would not result in greater relief, we do not find
it necessary to address them. See Tex. R. App. P. 47.1. We reverse the trial court's order and
remand the case to the trial court for further proceedings consistent with this opinion. 

 REVERSED AND REMANDED.



 ____________________________

 HOLLIS HORTON

 Justice



Submitted on July 28, 2008

Opinion Delivered January 15, 2009

Before Gaultney, Kreger, and Horton, JJ.