**REVERSE and REMAND; and Opinion Filed May 6, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00279-CV

## IN THE INTEREST OF D.B. AND K.B., CHILDREN

**On Appeal from the 468th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 468-06905-2022**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Smith

Mother appeals the trial court's order denying her petition for bill of review, which challenged a default divorce decree obtained by Father. In two issues, she asserts the trial court erred in finding no meritorious defense, precluding her from an evidentiary hearing on the remaining bill of review elements, and refusing to consider the sufficiency of the evidence to support the decree. For the reasons that follow, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

## Background

Mother and Father married in August 2012; two children, D.B. and K.B., were born of the marriage. Mother and Father separated in March 2021 and entered into a shared possession arrangement.

Father filed for divorce on February 2, 2022. Mother was served with process on February 20, but did not answer or participate in the divorce action. According to her petition for bill of review, Mother and Father "communicated openly" about possession and child support issues while the divorce was pending. In March, Mother contacted the trial court's office to "inquire into final hearing dates" and was informed that nothing was set. On April 4, however, Father obtained a default divorce decree. Among other things, the decree awarded Father the right to designate the children's primary residence, various child support payments, and a judgment in the amount of $200,000 to equalize the division of property.

On April 28, Mother timely filed a motion to set aside the decree. The motion was set for hearing on June 22, but Mother's counsel tested positive for COVID days before the setting and filed an agreed motion for continuance. The trial court held the hearing on July 22. By then, however, the motion had already been overruled by operation of law and the trial court lacked plenary power to act on the motion.

On September 21, Mother filed a petition for bill of review; Father was served and filed an answer. The trial court set a hearing on March 1, 2023. That morning, Father filed an objection and motion, based on Mother's failure to respond to

discovery, requesting that the trial court strike Mother's pleadings, preclude her from presenting evidence, and impose sanctions. Father also filed a brief in support of denying the petition for bill of review. The trial court did not rule on Father's motion but, following the hearing, denied Mother's petition for bill of review. The court signed an order indicating that it denied Mother's petition after reviewing the petition and hearing the parties' arguments. This appeal followed.

**Bill of Review**

In her first issue, Mother complains that the trial court erred in denying her bill of review by making "the incorrect inquiry," finding there was no meritorious defense, and failing to hold a hearing to determine if she could satisfy the remaining bill of review elements. In a second issue, Mother asserts the trial court erred in refusing "to inquire into the sufficiency of the evidence when presented with direct testimony that [Father] was unaware as to the material facts of [Mother] yet still took a judgment."

1. Standard of Review

We review the trial court's denial of a bill of review for abuse of discretion. *Bergenholtz v. Eskenazi*, No. 05-14-00609-CV, 2015 WL 4481664, at \*2 (Tex. App.—Dallas July 23, 2015, pet. denied) (mem. op.). However, if the trial court's decision concerns a question of law, we review the decision de novo. *Presley v. McConnell-Presley*, No. 05-08-01019-CV, 2009 WL 1579185, at \*2 (Tex. App.—Dallas June 8, 2009, no pet.) (mem. op.).

2. <u>Applicable Law</u>

A bill of review is an independent, equitable action brought by a party to a former action seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial or appeal. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). To obtain a bill of review, a petitioner generally must plead and prove (1) a meritorious claim or defense to the judgment, (2) which she was prevented from making by the opposing party's fraud, accident, or wrongful act or because of official mistake, (3) unmixed with any fault or negligence of her own. *Valdez*, 465 S.W.3d at 226. The petitioner's burden is heavy, and the grounds upon which a bill of review can be granted are narrow. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987); *Presley*, 2009 WL 1579185, at *2.

A petitioner must allege "factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence." *Mosley v. Dallas Cnty. Child Protective Servs. Unit of Tex. Dep't of Protective & Regulatory Servs.*, 110 S.W.3d 658, 661 (Tex. App.—Dallas 2003, pet. denied) (quoting *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979)). The petitioner also must allege "with particularity sworn facts sufficient to constitute a meritorious defense, and, as a pretrial matter, present prima facie proof to support the contention." *Id.*

—4—

Courts generally follow a two-step process to decide a bill of review that is not based on a claim of non-service. *See Baker*, 582 S.W.2d at 408–09; *Beck v. Beck*, 771 S.W.2d 141, 141–42 (Tex. 1989). Under the first step, the petitioner must present her prima facie proof of a meritorious defense prior to trial. *Baker*, 582 S.W.2d at 408. This often occurs during a pretrial hearing, *see id.*; *see also Presley*, 2009 WL 1579185, at *2, and "[t]his preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious 'full-blown' examination of the merits." *Baker*, 582 S.W.2d at 408. The "only relevant inquiry is whether the petitioner has presented prima facie proof of a meritorious defense." *Beck*, 771 S.W.2d at 142. If the petitioner has not, the trial court should dismiss the case after this first step. *Baker*, 582 S.W.2d at 409; *see also Beck*, 771 S.W.2d at 142. If, however, the petitioner has established a prima facie meritorious defense, then the court will conduct a trial on the merits of the bill of review. *Baker*, 582 S.W.2d at 409; *Boateng v. Trailblazer Health Enters., L.L.C.*, 171 S.W.3d 481, 488 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

A petitioner presents a meritorious defense "when it is determined that the [alleged] defense is not barred as a matter of law and that [the petitioner] will be entitled to judgment on retrial if no evidence to the contrary is offered." *Baker*, 582 S.W.2d at 408–09. For example, a petitioner seeking to set aside a divorce decree's division of property shows a meritorious defense by presenting proof that she would

obtain a more favorable division on retrial. *Presley*, 2009 WL 1579185, at \*3; *Elliott v. Elliott*, 21 S.W.3d 913, 919 (Tex. App.—Fort Worth 2000, pet. denied).

A petitioner may present prima facie proof in the form of documents, interrogatory answers, admissions, affidavits on file and such other evidence that the trial court may receive. *Baker*, 582 S.W.2d at 408–09; *Presley*, 2009 WL 1579185, at \*2. The defendant may respond with proof showing that the defense is barred as a matter of law, but the trial court must resolve any factual disputes in favor of the petitioner. *Baker*, 582 S.W.2d at 409. Whether a petitioner presents a prima facie defense is a question of law for the court. *Presley*, 2009 WL 1579185, at \*3; *Elliott*, 21 S.W.3d at 917.

3. <u>Analysis</u>

Mother complains that the trial court incorrectly analyzed "the meritorious defense of [Mother's] failure to answer the initial divorce complaint" as opposed to "a meritorious defense of the underlying cause of action." She nevertheless contends that she satisfied her burden to present prima facie proof of a meritorious defense, relying on an admission by Father, her sworn petition for bill of review, and pleadings in the divorce and bill of review actions.

The purpose of the March 1, 2023 hearing is unclear from the record.[1] The trial court did not follow the usual order for trial proceedings, i.e., opening statements, followed by the introduction of evidence. At the outset, the trial court

---

[1] A "hearing on Bill of Review" also was set on January 24, 2023, but that hearing was cancelled.

advised that the parties could have an evidentiary hearing if needed. The court, however, inquired whether it could make its decision based on the petition alone. Father's counsel initially indicated that the trial court could do so if it determined that Mother was not entitled to an evidentiary hearing based on her failure to respond to discovery but, otherwise, the court could not summarily deny the petition and Mother would be entitled to an evidentiary hearing. Counsel, however, also expressed Father's position that, taking Mother's petition as true, she would not be able to establish that the default decree was rendered as the result of fraud or official mistake:

> So I believe, on the face of the Bill of Review, they cannot prove fraud by [Father] and they cannot prove official mistake. If you take as true everything they say in the Bill of Review.
>
> Now, do they have a meritorious defense? Probably. Every divorce case, there is probably a meritorious defense, right, the division of property, custody of children. We're not really arguing she wouldn't have a meritorious defense.

Throughout the hearing, the trial court appeared to intermingle the bill of review elements by considering whether Mother had a meritorious defense of the underlying cause of action in terms of whether she had a reason, such as fraud or accident, for not appearing and participating in the divorce action. Mother's counsel argued that a meritorious defense was a defense that, had it been presented at trial, the result of the divorce action would have been different. She identified Mother's meritorious defenses as follows: (1) Mother had been the children's primary

caregiver; (2) Father "awarded himself child support outside of the guidelines" and there was insufficient evidence to support the child support awards; and (3) there was insufficient evidence to support the $200,000 judgment to equalize the division of property because there was no $400,000 estate to divide, Mother's service-based business was not consistent and had been operating "in the negative every year," and the parties previously sold their marital home and divided the proceeds.

The trial court inquired about what evidence Mother could present and whether she should be allowed to when she had not responded to discovery. Mother's counsel responded that she would present the testimony of the parties and some exhibits. She also asserted that Father's counsel had admitted to a meritorious defense and requested that the trial court set the bill of review for trial on the remaining two elements or allow a continuance so the parties could exchange information and discovery. The trial court, however, denied the petition for bill of review, stating, "I do not think [Mother] meet[s] requirements to proceed forward on a meritorious defense in this bill of review."

The discussion regarding meritorious defenses was confusing; the other bill of review elements were also discussed at length, and it is unclear whether the trial court correctly applied the law. The court's order reflects only that it denied Mother's petition for bill of review based on the petition and arguments. However, there were no pending special exceptions, motions to dismiss, or summary judgment motions that could have served as the basis for the court summarily denying the

petition.[2]  Therefore, the only pretrial matter properly before the trial court was whether Mother presented prima facie proof of a meritorious defense.  *See Beck*, 771 S.W.2d at 142; *Pope v. Perrault*, No. 01-21-00648-CV, 2023 WL 4003516, at *7 (Tex. App.—Houston [1st Dist.] June 15, 2023, no pet.) (mem. op.) (fact that trial court and parties at times addressed issues other than meritorious defenses did not convert *Baker* hearing into trial on the merits); *Maree v. Zuniga*, 502 S.W.3d 359, 365 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (prior to *Baker* hearing, trial court may consider and rule on bill-of-review elements other than meritorious defense if raised in summary judgment motion or in separate trial); *Jones v. Texas Dep't of Protective & Regulatory Servs.*, 85 S.W.3d 483, 494 (Tex. App.—Austin 2002, pet. denied) (rejecting appellee's argument on appeal from *Baker* hearing dismissal that petition failed for lack of due diligence because that issue was not before the trial court).  Accordingly, to the extent the trial court denied Mother's petition on any other basis, it erred in doing so.  *See, e.g.*, *Ramsey v. State*, 249 S.W.3d 568, 577, 579 (Tex. App.—Waco 2008, no pet.) (holding trial court erred by summarily denying bill of review petition for failure to allege extrinsic fraud or

---

[2] The only pending motion was Father's Objection to [Mother's] Undisclosed Testimony and Evidence, Legal Theories, Factual Bases of Claims and Defenses, Motion to Strike Pleadings, Motion to Exclude Testimony and Evidence, and for Sanctions, which he served and filed the day of the hearing.  In the motion, Father requested relief, including that the trial court strike Mother's pleadings and grant judgment in favor of Father, exclude Mother from presenting evidence, and order Mother to pay Father's discovery expenses. Although it was discussed during the hearing, the trial court did not strike Mother's pleadings or otherwise rule on Father's motion.

official mistake because that issue was not raised by special exception or other proper motion).

On appeal, Father asserts that Mother failed to preserve her complaint that the trial court precluded her from presenting evidence because she never made a direct request to present evidence or objected that she was denied the opportunity to do so. As a prerequisite to appellate review, the record must show that the appellant raised the matter complained of to the trial court in the form of a timely request, objection, or motion. TEX. R. APP. P. 33.1(a). Our review of the record, however, shows that Mother both articulated that the issue to be determined at the hearing was limited to whether there was prima facie evidence of a meritorious defense and informed the trial court of the evidence that she would present on her meritorious defenses.[3]

In any event, Mother contends, and we agree, that Father's counsel "conced[ed] that there was a meritorious defense." An attorney's statement in open court may constitute a judicial admission if the statement is a clear, deliberate, and unequivocal assertion of fact that conclusively disproves a right of recovery or a

---

[3] A party also must preserve error by objecting, moving, or requesting relief upon discovering that the court is conducting a more substantive bill-of-review inquiry than the party expected. *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex. 1988) (per curiam) (reinstating trial court's decision on the merits of a bill of review when petitioner failed to preserve error by moving for continuance or objecting once he discovered that trial court was conducting full-blown trial). We conclude that Mother preserved error when her counsel, after the trial court indicated it was inclined to deny the petition, specifically requested that, in light of Father's conceding a meritorious defense, the trial court either proceed to trial on the merits of the remaining bill of review elements or grant a continuance to allow for discovery. *See, e.g., Harris v. Moore*, 912 S.W.2d 860, 862 (Tex. App.—Austin 1995, no writ) (per curiam) (bill of review petitioner preserved his complaint regarding the nature of the hearing by protesting that the court was not supposed to decide the merits and that he wanted an opportunity to replead and to present an additional witness).

defense. *Westport Oil & Gas Co., L.P. v. Mecom*, 514 S.W.3d 247, 255 (Tex. App.—San Antonio 2016, no pet.). A judicial admission not only relieves the opposing party of any burden to introduce evidence of the fact admitted, it also bars the admitting party from disputing it. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000). Here, Father's counsel represented to the trial court that Father was "not really arguing" that Mother did not have a meritorious defense. We conclude that the statement was a clear, deliberate, and unequivocal assertion that Father did not contest whether Mother had a meritorious defense. Accordingly, Mother was not required to present prima facie proof on the matter. *See Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 905. Thus, to the extent that the trial court denied Mother's petition for bill of review because Mother failed to do so, we also conclude that the court erred.

Although the trial court likely denied Mother's petition in an effort to be judicially efficient, it was not consistent with required bill of review procedure and improperly denied Mother the opportunity to prove that she was entitled to prevail either at trial or by dispositive motion.[4] *See* TEX. R. APP. P. 44.1(a). Accordingly,

---

[4] We assume, without deciding, that the trial court's error in summarily denying Mother's bill of review petition is subject to a harm analysis. *Compare Ramsey*, 249 S.W.3d at 579–80 (applying harm analysis), with *Boateng*, 171 S.W.3d at 494 (concluding that these types of procedural errors in bill of review proceedings are not subject to harm analysis).

–11–

we sustain Mother's first issue and remand this case to the trial court for further proceedings consistent with this opinion.[5]  *See* TEX. R. APP. P. 43.2(d).

## Conclusion

We reverse the trial court's March 1, 2023 order denying bill of review and remand for further proceedings consistent with this opinion.

/Craig Smith/
CRAIG SMITH
JUSTICE

230279F.P05

---

[5]  In light of our disposition of Mother's first issue, we need not consider Mother's second issue.  *See* TEX. R. APP. P.  47.1.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE INTEREST OF D.B. AND
K.B., CHILDREN

No. 05-23-00279-CV     V.

On Appeal from the 468th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 468-06905-
2022.
Opinion delivered by Justice Smith.
Justices Partida-Kipness and Nowell
participating.

In accordance with this Court's opinion of this date, the trial court's March 1, 2023 Order Denying Bill of Review is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 6th day of May, 2024.