William DICKSON, Appellant,

v.

E. C. McWILLIAMS, Appellee.

No. 16746.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 14, 1976.

Dickson & Associates; William M. Dickson, Houston, for appellant.

Eastham & Meyer; Sam Dawkins, Jr., Houston, for appellee.

PEDEN, Justice.

This is an appeal from the granting of a summary judgment against Mr. William Dickson, an attorney, who had intervened in a suit filed by former client Mrs. Ollie R. McWilliams against E. C. McWilliams, her former husband. Dickson sought to collect attorney's fees from both of them under his contract with Mrs. McWilliams for representation in their divorce case. The contract provided that Dickson would be paid $40 an hour for time expended plus a percentage of the community property awarded to Mrs. McWilliams.

In the divorce decree the trial court awarded Dickson a judgment for $20,000 against Mr. McWilliams as a reasonable attorney's fee for services rendered to Mrs. McWilliams "through and including the trial." Mr. McWilliams appealed, but the decree was affirmed. Mrs. McWilliams later brought this suit against E. C. McWilliams, and Dickson intervened. He sought to recover from Mrs. McWilliams, under the contract or under quantum meruit, for services rendered both before and after the divorce was granted (less the amount already paid him by Mr. and Mrs. McWilliams). His claim against Mr. McWilliams alleged that the services he rendered to Mrs. McWilliams were necessaries.

The trial court granted Mr. McWilliams an interlocutory judgment holding that as a matter of law he was not liable to Dickson or to Mrs. McWilliams. That interlocutory summary judgment was brought forward and made final when the trial court entered a final judgment disposing of the other issue in the case by approving a settlement whereby Mrs. McWilliams agreed to pay Dickson an additional $35,000.

Dickson's points of error are:

"1. The trial court erred in granting the Motion for Summary Judgment because the facts before the Court did not entitle appellee to judgment as a matter of law upon his Motion for Summary Judgment, even if all genuine issues of material fact were undisputed.

"2. The trial court abused its discretion in granting the Motion for Summary Judgment because there was no dispute as to the existence of a legally material fact, and even though the evidence might not have been in dispute, reasonable persons might draw different inferences from it as to the existence of a legally material fact."

Mrs. McWilliams' original divorce petition, signed by Dickson, stated:

"Plaintiff will show that under the law of Texas the Defendant is liable for her reasonable attorney fees and she asks that on final hearing hereof this Honorable Court award judgment to her aforementioned attorneys (Dickson and his firm) in an amount shown in trial to be reasonable in accordance with the aforementioned Minimum Fee Schedule."

The divorce decree included these provisions:

"It is further ORDERED, ADJUDGED AND DECREED that the Respondent (E. C. McWilliams) shall assume and pay off and discharge as the same become due any and all of the obligations and liabilities of the community estate and/or of the respective parties, which obligations and liabilities have been incurred prior to September 30, 1970, save and excepting only those future liabilities and obligations Ordered in this Judgment to be paid by Petitioner (the Notes on the farm awarded to Petitioner), and which obligations and liabilities have heretofore been disclosed to the Court as including the following:

(a) The obligations and liabilities represented by Petitioner to have been incurred prior to September 30, 1970, a complete list of which is hereby Ordered to be furnished to Respondent, in the total amount of      $     418.89

(b) The obligations and liabilities represented by Respondent to have been incurred prior to September 30, 1970, which consist of the following as furnished by Respondent:

| | | |
|---|---|---|
| (1) | Accounts Payable— Blue Ribbon Rice Mills, Inc. | $60,500.00 |
| (2) | Accounts Payable— other | 433.11 |
| (3) | Accounts Payable— T. Thornton | 16,920.55 |
| (4) | Notes Payable— Cadillac automobile | 3,000.00 |
| (5) | Accrued Taxes | 1,499.90 |
| (6) | Accrued Accounts Payable | 11,766.58 |
| (7) | United States Income Tax through September 30, 1970, including the tax on the capital gain on the Clay Road property previously sold | 113,000.00 |
| | | $207,120.14 |

TOTAL AMOUNT OF OBLIGATIONS specifically Ordered to be paid by Respondent:    $207,539.03

The above and foregoing obligations and liabilities are based on the representations of the respective parties.

" . . . .

"It is further ORDERED, ADJUDGED AND DECREED that William Dickson, Attorney for Petitioner, Ollie R. McWilliams, do have and recover of and from the Respondent, Edward Carroll McWilliams, as and for Petitioner's reasonable attorney fees herein, the sum of Twenty Thousand Dollars ($20,000.00), for services rendered by the said William Dickson through and including the trial in the Court of Domestic Relations No. 4 of Harris County, Texas; the Respondent is hereby ORDERED to pay such sum forthwith directly to the said William Dickson, Attorney at Law . . . ."

Dickson contends that the primary question of law presented by Mr. McWilliams' motion for summary judgment is whether or not the cause of action asserted by appellant is barred by the doctrine of res judicata and/or the doctrine of merger. Appellant's motion for summary judgment was supported by his affidavit, the divorce decree and the mandate of the Fourteenth Court of Civil Appeals affirming it.

The Texas Supreme Court in *Abbott Laboratories v. Gravis*, 470 S.W.2d 638 (Tex. 1971), holding that a suit was barred by res judicata, stated in part:

". . . an existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit. *Permian Oil Co. v. Smith*, 129 Tex. 413, 107 S.W.2d 564 (1937); 2 Freeman on Judgments (5th Ed.) 1322. Further, the rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried. *Ogletree v. Crates*, 363 S.W.2d 431 (Tex.1963); Restatement of Judgments 159, Introductory Notes to Section 41. Stated differently, a party cannot relitigate matters which he might have interposed, but failed to do so, in an action between the same parties or their privies in reference to the same subject matter. *Freeman v. McAninch*, 87 Tex. 132, 27 S.W. 97 (1894)."

The appellant contends that his claim against Mr. McWilliams is not barred by the doctrine of *res judicata*, even though the amount of his recovery against Mr. McWilliams was fixed in the divorce decree, because he then sued on *quantum meruit* but now bases his claim on his fee contract with Mrs. McWilliams dated January 12, 1970. He cites *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973). In that case it was stated that a judgment for

a *defendant* in a suit for a breach of contract on the ground that he is not liable for a breach of contract does not preclude a subsequent suit in *quantum meruit,* the causes of action being regarded as different for *res judicata* purposes. That case does not apply to the facts in our case. In our case the divorce decree fixed the amount of the reasonable attorney's fee to be paid by Mr. McWilliams to the wife's attorney, and he paid it. The allowance of attorney's fees to the wife in a divorce action, as well as the amount thereof, are within the sound discretion of the trial court. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1951). A trial judge's refusal to allow a fee for the appeal is a matter within his discretion. *Schwartz v. Jacob,* 394 S.W.2d 15 (Tex.Civ. App.1965, writ ref. n. r. e.).

The decision as to the amount of attorney fees for appellate services is made by the appellate court in some jurisdictions. In Texas the award of any attorney's fee is a fact issue which must be passed upon by the trial court. *International Security Life Insurance Co. v. Spray,* 468 S.W.2d 347 (Tex.1971).

The attorney representing the wife in the divorce is bound by the decree insofar as a subsequent claim against the husband is concerned. *Roberts v. Roberts,* 144 Tex. 603, 192 S.W.2d 774 (1946); *Masters v. Stair,* 505 S.W.2d 702, 518 S.W.2d 439 (Tex. Civ.App.1975, no writ); *Mullinax, Wells, Mauzy and Collins v. Dawson,* 478 S.W.2d 121 (Tex.Civ.App.1972, writ ref. n. r. e.).

Dickson was the attorney of record for Mrs. McWilliams in her divorce. The amount of attorney's fee Mr. McWilliams was required to pay his wife's lawyer was fixed in that suit, and Dickson is bound by it.

The appellee has established as a matter of law that he is entitled to summary judgment.

Further, the final judgment in this case was signed "Approved" by all counsel, and the trial judge's docket sheet states that the judgment was an agreed one. Nothing in the decree shows that the intervenor excepted or gave notice of appeal.

"While the judgment here under consideration does not purport in the body thereof to have been rendered by agreement, and no express stipulation appears in the record that the judgment be so entered, the fact that the approval of all the attorneys of record appears on the face of the judgment record and the signature of the trial judge appears subscribed thereto on the Minutes, in connection with other circumstances, warrants the holding, we think, the judgment was by agreement." *State v. Reagan County Purchasing Co.,* 186 S.W.2d 128 at p. 136 (Tex.Civ.App.1944, writ ref. w. m.).

Affirmed.