Joyce E. HARRIS, Appellant,

v.

Wayne E. HOLLAND, Appellee.

No. 06–93–00027–CV.

Court of Appeals of Texas,
Texarkana.

Nov. 30, 1993.

Ebb B. Mobley, Longview, for appellant.

R.L. Whitehead, Jr., Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

 Joyce Harris appeals from the trial court's division of property in her divorce action.[1] The pivotal issue on appeal is whether the trial court erred in awarding Holland an offset for the potential future tax consequences in the event of a sale of the property awarded to Holland. We conclude that the trial court did err in this regard and reverse the judgment insofar as the property division is concerned.

Harris and Holland married on March 31, 1978, and were divorced on January 6, 1993. The parties had no children together. Holland owned cattle, supplies, and farm equipment as his separate property, which he used in operating his ranching business. As part of the divorce decree, the trial court granted Holland's claim for reimbursement for cattle, hay, bulls, and equipment used to enhance or benefit the community estate. The court also gave Holland a credit of $54,253.00 in recognition of the future tax consequences in the event of a sale of the community property awarded to Holland. After allowing various offsets, the trial court divided the community estate equally between the spouses.

 Harris claims that the trial court erred in allowing Holland an offset for what she calls "phantom" future tax consequences associated with property Holland received. Holland's accountant testified that if Holland sold the cattle, hay, and equipment that were then part of the community estate, he might incur an income tax liability of $54,253.00 based on a tax rate of thirty-one percent. The accountant testified that he did not think Holland had any plans to sell these assets and further testified that he did not adjust his calculations to reflect the present value of Holland's potential future tax liability. The accountant also acknowledged that if Holland gave away any of the property or died and left a nontaxable estate, then Holland would not incur the future tax liability. Other circumstances might also result in no tax liability.

Two cases are instructive in analyzing the question before us. In *Freeman v. Freeman*, the Fourteenth Court of Appeals held that the trial court erred in valuing a pension plan awarded to the husband because the court deducted the hypothetical present tax liability that the husband would incur if the plan were immediately liquidated. *Freeman v. Freeman*, 497 S.W.2d 97, 99 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). The appellate court noted that the husband did not intend to immediately liquidate the plan and further noted that any tax payable in the future, after the husband retired or died, probably would be less than the tax payable if the cash was withdrawn immediately after the divorce. *Id.* at 100.

Later, the Dallas Court of Appeals followed the *Freeman* case and found that the trial court erred in reducing the face value of

---

1. Wayne Holland has filed a motion to dismiss the appeal, claiming that his ex-wife has voluntarily accepted benefits under the judgment she now challenges. Generally, a litigant cannot treat a judgment as both right and wrong, and a party who has voluntarily accepted the benefits of a judgment cannot afterward prosecute an appeal therefrom. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). This rule, however, has exceptions. An appeal from a judgment can be taken when the appeal involves only the appellant's right to a further recovery because a reversal of the judgment cannot possibly affect the appellant's right to the benefits already received. *Id.; Balaban v. Balaban*, 712 S.W.2d 775, 779 (Tex.App.—Houston [1st Dist.] 1986,

writ ref'd n.r.e.). Also, a party is not estopped from prosecuting an appeal if acceptance of the judgment's benefits was involuntary, such as in cases of financial duress. *Gonzalez v. Gonzalez*, 614 S.W.2d 203, 204 (Tex.Civ.App.—Eastland 1981, writ dism'd).

Here, the evidence shows that Harris accepted the money, at least in part, because of economic necessity. Furthermore, the benefits she accepted were cash, and she now asserts only a right to recover additional property, not different property. It appears that a redivision of the property would not affect Harris's right to the cash she has already received. For both of these reasons, Holland's motion to dismiss is denied.

two deferred compensation plans by the plans' hypothetical present tax liability because the trial court assumed a present liquidation of the plans and used the husband's current income tax rate. *Simpson v. Simpson,* 679 S.W.2d 39, 41 (Tex.App.—Dallas 1984, no writ). The court held that, absent proof of a reasonable deduction for future tax liability, the plans had a prima facie value equal to their face value. *Id.* at 42. We recognize that *Freeman* and *Simpson* involved the valuation of deferred compensation plans; however, the reasoning in the two cases also is applicable to the issue of the tax consequences associated with the possible future sale of tangible assets.

■ Almost all of any community estate divided by the courts, like other property, might be subject to tax consequences if sold for a gain. When, if ever, Holland sells his share of the awarded property, he might sell it at a loss and receive favorable tax consequences. Admittedly, it may be appropriate for a trial court to consider the tax liability for the sale of capital assets which has been *realized* by the parties at the time of divorce. *See, e.g., Robbins v. Robbins,* 601 S.W.2d 90, 92 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). However, where the question whether the property will ever be subject to capital gains tax or not can be answered only by engaging in speculation or surmise, a trial court errs in allowing a credit for that "tax."

■ The trial court has broad discretion in determining the disposition of property in divorce actions, and this discretion will not be disturbed unless an abuse of discretion is shown. *McKnight v. McKnight,* 543 S.W.2d 863, 866 (Tex.1976). The trial court erred and abused its discretion in allowing Holland an offset for the hypothetical tax consequences associated with the property he received. Because of the trial court's error in this regard, Holland received a disproportionate share of the community estate. The evidence does not otherwise justify an un-

equal division of the community property, and a redivision of the estate would be more equitable under the circumstances.[2]

We reverse the judgment insofar as the property division is concerned and remand the case to the trial court for a division of the property consistent with this opinion.

An equitable claim for reimbursement is not merely a balancing of the ledgers between the marital estates. *Penick v. Penick,* 783 S.W.2d 194, 198 (Tex.1988). The trial court has great discretion in deciding and evaluating a claim for reimbursement. Harris has failed to show that the trial court abused its discretion.

---

2. Harris also contends that the trial court erred in reimbursing Holland for $90,000.00 in separate property used to enhance the community estate without adjusting the value of Holland's claim to reflect that the community paid some of Holland's separate property debts.