**Reversed and Remanded and Majority and Concurring Opinions filed August 30, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00816-CV

---

## VERNON KENT MAREE AND FRONT ROW PARKING INC., Appellants

## V.

## BALDEMAR (VAL) ZUNIGA, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1063505**

---

## MAJORITY OPINION

In this appeal we consider a challenge to a judgment the trial court rendered after a preliminary hearing to determine whether petitioners for a bill of review had established a prima facie case that they had a meritorious defense to the underlying claim. The appellants/bill-of-review petitioners assert that by transforming the preliminary hearing into a hearing on the merits of the bill-of-review petition, the trial court violated their right to due process of law. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee/defendant Baldemar (Val) Zuniga filed suit against appellants/plaintiffs Vernon Kent Maree and Front Row Parking, Inc. ("Front Row Parties") asserting that Zuniga paid the Front Row Parties for tickets to the 2013 Superbowl and the Front Row Parties failed to provide him with those tickets. The Front Row Parties asserted that they received the original petition and mentioned the lawsuit to an attorney, Troy Pradia, in casual conversation. The Front Row Parties expressed their belief that Pradia would look into the matter, but according to the Front Row Parties, they did not expect Pradia to do anything more than make casual inquiry. The Front Row Parties stated that they did not retain Pradia as their attorney. The next month, however, Pradia filed an answer to the lawsuit on the Front Row Parties' behalf. That same month, the Front Row Parties moved to a new place of business. The Front Row Parties did not notify Pradia of their move or change of address because, in their eyes, they had no reason to inform Pradia since they had not engaged him to represent them. A few months later, Pradia filed a motion to withdraw from the case, citing his inability to communicate with the Front Row Parties.

The trial court granted Pradia's motion to withdraw. The trial court later scheduled a trial on Zuniga's petition. The Front Row Parties did not appear. The trial court ultimately granted Zuniga's motion for post-answer default judgment.

After the post-answer default judgment, the Front Row Parties filed a bill-of-review petition in which they stated that they had not engaged Pradia to represent them and therefore had no knowledge that the case had progressed and no notice of trial. Zuniga filed a motion seeking a pre-trial hearing for the trial court to determine whether the Front Row Parties have "[e]stablished a [p]rima [f]acie

2

[c]ase for a [b]ill of [r]eview." In this motion, Zuniga appeared to request a preliminary hearing under *Baker v. Goldsmith* for the trial court to determine whether the Front Row Parties have prima facie proof of a meritorious defense. *See* 582 S.W.2d 404, 408–09 (Tex. 1979). A pre-trial hearing was set based on this motion. In a written response, the Front Row Parties asserted that (1) under *Baker v. Goldsmith*, as a pre-trial matter, a bill-of-review petitioner ordinarily must present prima facie proof of a meritorious defense; (2) this requirement does not apply if the bill of review is based on a due-process violation, in which case the trial court should grant the bill of review without requiring any proof of a meritorious defense; (3) because the Front Row Parties' bill of review is based on a due-process violation, they are not required to make a prima facie showing of a meritorious defense.

At the pre-trial hearing, the trial court stated that it was presuming for the sake of argument that the Front Row Parties had a meritorious defense, and that the trial court wanted to inquire at the hearing into whether there was any fault or negligence on the part of the Front Row Parties. The Front Row Parties asserted that the pre-trial hearing was limited to the issue of whether they had prima facie proof of a meritorious defense. The trial court disagreed that the pre-trial hearing was limited to this issue. Zuniga agreed with the trial court's view of the law, indicating that the trial court could dismiss the bill-of-review petition at the pre-trial hearing based on the absence of proof of any of the essential elements for a bill of review.

The Front Row Parties asserted what they contend is a meritorious defense. The trial court stated, even assuming the truth of the Front Row Parties' allegations, the Front Row Parties still did nothing in response to having been served with citation in the underlying lawsuit and therefore the Front Row Parties

were at fault and were negligent. The trial court overruled an objection by the Front Row Parties that the hearing was supposed to be limited to the issue of whether they had prima facie proof of a meritorious defense. The trial court affirmatively stated that the hearing was not limited to that issue.

The trial court signed an order dismissing the Front Row Parties' bill-of-review petition based on the trial court's finding that the Front Row Parties failed to prove at the pre-trial hearing that judgment was rendered against them in the underlying case "unmixed with any fault or negligence on their own part." The Front Row Parties now challenge that ruling in this appeal.

## ISSUE PRESENTED

In a single issue, the Front Row Parties assert that the trial court transformed a preliminary hearing on whether they had prima facie proof of a meritorious defense into a trial on the merits of the bill-of-review petition. The Front Row Parties assert that the trial court erred when, following a preliminary hearing for the sole purpose of determining whether the plaintiffs had presented prima facie proof of a meritorious defense, the trial court rendered judgment on the merits of the bill-of-review petition. The Front Row Parties assert this transformation violated their right to due process of law because they did not have notice that the hearing would be a trial on the merits.

## ANALYSIS

A bill of review is an independent, equitable proceeding brought by a party to a previous action seeking to set aside a judgment in that action that is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). To be entitled to relief on a bill of review, a petitioner ordinarily must plead and prove that the petitioner has: (1) a meritorious defense to

4

the underlying claim, (2) which the petitioner was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake, (3) unmixed with any fault or negligence on the part of the petitioner. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). In a bill-of-review proceeding involving a direct attack not based on lack of service of process of the petition in the prior case, the bill-of-review proceeding ordinarily is a two-step process.[1]  *See Baker*, 582 S.W.2d at 408–09; *Boateng v. Trailblazer Health Enterprises, L.L.C.*, 171 S.W.3d 481, 487–88 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).   First, the trial court makes a determination, often based on a preliminary hearing, as to whether the bill-of-review petitioner has presented prima facie proof of the first bill-of-review element — a meritorious defense to the underlying claim. *See Baker*, 582 S.W.2d at 408–09; *Boateng*, 171 S.W.3d at 487–88.   This requirement is satisfied if the court determines that the alleged meritorious defense is not barred as a matter of law and that the bill-of-review petitioner will be entitled to judgment on retrial if no evidence to the contrary is offered. *See Baker*, 582 S.W.2d at 408–09; *Boateng*, 171 S.W.3d at 487–88. If the trial court concludes that the bill-of-review petitioner has not presented prima facie proof of a meritorious defense, then the trial court should dismiss the petition based on this failure. *See Baker*, 582 S.W.2d at 408–09; *Boateng*, 171 S.W.3d at 487–88. Second, if the bill-of-review petitioner has presented prima facie proof of a meritorious defense, then the trial court may proceed with discovery and trial regarding the merits of the bill-of-review petition.[2] *Id.*

---

[1] The trial court is not required to conduct a preliminary hearing.

[2] This "trial" includes the possibility of a summary judgment that the trial court may grant on the motion of one of the parties. *See Boateng*, 171 S.W.3d at 488; *Ortmann v. Ortmann*, 999 S.W.3d 85, 87–88 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

## A. Notice of Preliminary Hearing

The Front Row Parties allege that when the trial court denied the bill-of-review petition, the case was not in a procedural posture to be resolved on the merits based on their failure to prove the absence of fault or negligence on their part. The Front Row Parties assert that the trial court's judgment on this basis violated their right to due process of law. To determine whether the Front Row Parties' rights to due process of law were violated, we first must determine what type of hearing the trial court noticed.

After the Front Row Parties filed their bill-of-review petition, the trial court set a trial date. Zuniga then filed "DEFENDANT'S MOTION TO DETERMINE WHETHER PLAINTIFF HAS ESTABLISHED PRIMA FACIE CASE." Zuniga requested a pre-trial hearing and requested that the court require the Front Row Parties to prove their "right to a trial" on their "claims for a bill of review." Though Zuniga did not cite *Baker v. Goldsmith*, Zuniga did cite *Caldwell v. Barnes*, in which the court discusses the *Baker v. Goldsmith* hearing. *See Caldwell*, 154 S.W.3d at 97 (citing *Baker*, 582 S.W.2d at 408–09). The trial court gave notice of an oral hearing based on Zuniga's motion. This order gave notice to the parties of a *Baker v. Goldsmith* preliminary hearing (hereinafter "*Baker* Hearing"). *See Baker*, 582 S.W.2d at 408–09.

## B. The Proceedings at the *Baker* Hearing

At the *Baker* Hearing, the trial court stated that it was presuming for the sake of argument that the Front Row Parties had a meritorious defense, and that the trial court wanted to inquire at the hearing into whether there was any fault or negligence on the part of the Front Row Parties because they ignored the underlying lawsuit. The Front Row Parties asserted that the pre-trial hearing was limited to the issue of whether they had prima facie proof of a meritorious defense.

6

The trial court disagreed that the pre-trial hearing was limited to this issue. Zuniga agreed with the trial court's view of the law. The Front Row Parties' counsel stated, "Respectfully, we are not here to argue that part of the case." The trial court continued to press the Front Row Parties' counsel on the Front Row Parties' negligence in failing to respond to the lawsuit. The following exchanges occurred:

> [Front Row Parties' Counsel]: Your Honor, the threshold that we are here to talk about today, if you look at what the Supreme Court said laid out in the procedure.
>
> . . .
>
> [Front Row Parties' Counsel]: The Supreme Court recognizes only three prerequisites for the bill of review: 1.) Meritorious defense. 2.) That was not made because of fraud, accident, or wrongful act on the plaintiff, or official mistake by the clerk. 3.) Unmixed with any fault or negligence with the party filing under the bill of review.
>
> . . .
>
> [Trial court]: So assuming for the sake of argument, I spot you number on[e], meritorious defense, well, makes it fraud, accident, or wrongful act on an opponent. I don't think that I have heard that suggestion. Or official mistake by a clerk, haven't heard that suggestion. How do you get — so with any fault or negligence of the party filing the bill. That one catches my eye. How was it not fault or negligence? He knew he was served with a lawsuit. And whether or not — I think he did beg the question, he kind of — no offense Mr. Pradia seems to be kind of a red herring in this.
>
> [Front Row Parties' Counsel]: Respectfully, Judge, he is very central to the underlying reason for the bill of review. But let me answer you first question first. As a pretrial matter, the Texas Supreme Court has outlined in several cases the specific procedure that the Court should go through when considering a bill of review and that includes a pretrial hearing to determine whether the bill of review claimant has a meritorious defense. That is what is supposed to be heard. As a pretrial matter. The prima facie burden is on the claimant to show the Court that he has a meritorious defense. That is all that is supposed to —

[Trial court]: I don't believe that to be true because that means that anytime — every default that I've signed, the thousands and thousands of defaults I've signed, then hypothetically just to say, oh, you have a meritorious defense but you just ignored, you ignored the service, you ignored the dates, you ignored notice by the Court, you ignored whatever, and you can just come and say, oh, but I have a meritorious defense so let's relitigate it all over again. Surely that is not what they meant.

. . .

[Trial court]: Well, who are you attacking? Are you attacking Mr. Pradia? Are you attacking Mr. McCormick for getting a default? Or are you attacking the receiver? Who are you attacking here? I think they get to know. What was it that you think caused this great injustice to your client?

[Front Row Parties' Counsel]: Let me answer that in two steps. The meritorious defense that my client will present concerns a defense to the underlying lawsuit. And that consists of two things: 1.) The facts that Mr. Zuniga pled and swore to in an affidavit are not correct, and are, in fact, false. 2.) There is a signed settlement agreement between Mr. Zuniga and my client that was signed and consideration was given by my client two weeks before he filed the underlying lawsuit. That's a meritorious defense.

[Trial court]: That really wasn't my question. You are shotgunning these people.

. . .

[Trial court]: . . . What is the bill of review based on? Is it based on Mr. Pradia who you said is representing people without their knowledge and consent? Or is it against Mr. McCormick for taking a default notice without notice to – some notice of? Apparently, I don't know if we are going back and attacking service. But then you say, oh, no, it's Mr. McCormick. And then somehow, you then suggest that it is Ms. Watkins. Who is the basis, all three or what? I'm trying to understand. That's prima fa[cie]. So now, I'll be quiet. How did you get your foot in the door?

[Front Row Parties' Counsel]: To answer that question, which respectfully has nothing to do with the prima fa[cie] showing that's required under the Supreme Court's rules, we are simply saying one

8

thing. We didn't get notice of a trial setting. . . .

Zuniga's counsel then asked to present testimony of the receiver. The Front Row Parties' counsel objected.

> [Front Row Parties' counsel]: Your Honor, I need to put an objection on the record by [sic] testimony of Ms. Watkins at this stage.
>
> [Trial court]: She is appointed by this Court and she is serving in that capacity. So your objection is overruled. Have a seat.
>
> [Front Row Parties' Counsel]: I haven't explained what the objection is.
>
> [Trial court]: And what would it be?
>
> [Front Row Parties' Counsel]: Thank you, Judge. The objection is this is a prima fa[cie] hearing that is supposed to be limited just to the meritorious defense aspect of the underlying case.
>
> [Trial court]: No, sir, it is not limited to that. Maybe in your mind it is.
>
> [Front Row Parties' Counsel]: May I finish, Judge?
>
> [Trial court]: No.

After the receiver testified, the trial court asked Pradia some questions and then ended the hearing without making a ruling.

### C. Trial Court's Rendition of Judgment on the Merits

Later, on the same day of the hearing, the trial court signed an order dismissing the Front Row Parties' bill-of-review petition based on the trial court's finding that the Front Row Parties failed to prove at the pre-trial hearing that judgment was rendered against them in the underlying case "unmixed with any fault or negligence on their own part." In the order, the court stated that it "considered all elements for a bill of review."

To be entitled to relief on a bill of review, a petitioner ordinarily must plead and prove three elements. *See Caldwell*, 154 S.W.3d at 96. Nonetheless, the sole purpose of a *Baker* Hearing is to determine whether the bill-of-review petitioner

9

has presented prima facie proof of the first element—a meritorious defense to the underlying claim. *See Beck v. Beck*, 771 S.W.2d 141, 142 (Tex. 1989) (reversing court of appeals for affirming dismissal of bill of review after *Baker* Hearing because it determined the facts showed the plaintiff was negligent as a matter of law); *Boateng*, 171 S.W.3d at 492. In making this determination, the trial court examines (1) whether the bill-of-review petitioners' defense or defenses are barred as a matter of law, and (2) whether the bill-of-review petitioners will be entitled to judgment on retrial if no evidence to the contrary is offered. *See Baker*, 582 S.W.2d at 408–09; *Boateng*, 171 S.W.3d at 492. The trial court may not dismiss a bill-of-review petition based on the petitioner's failure to prove at a *Baker* Hearing that judgment was rendered against the petitioner in the underlying case unmixed with any fault or negligence on the petitioner's part. *See Baker*, 582 S.W.2d at 408–09; *Boateng*, 171 S.W.3d at 492.

If Zuniga had filed a summary-judgment motion, the trial court could have ruled on that motion before conducting a *Baker* Hearing. *See Boateng*, 171 S.W.3d at 492; *Ortmann v. Ortmann*, 999 S.W.3d 85, 87–88 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The trial court also had discretion to order a separate trial of the bill-of-review elements and could have first noticed and conducted a trial solely as to whether there was any fault or negligence on the part of the Front Row Parties. *See Baker*, 582 S.W.2d at 409. But, the trial court did not order separate trials or give the Front Row Parties notice that any part of the case was being tried on the date of the hearing. Instead, the Front Row Parties were given notice of a *Baker* Hearing. Though the trial court was not required to hold a *Baker* Hearing, the trial court exercised its discretion to do so. *See Baker*, 582 S.W.2d at 408–09; *Boateng*, 171 S.W.3d at 492.

Due process requires that a party receive "reasonable notice" of trial. *See*

10

*Peralta v. Heights Med. Ctr. Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988); *Boateng*, 171 S.W.3d at 492. The record affirmatively shows that the trial court ruled on the merits of the Front Row Parties' bill-of-review petition with no notice that the court would hold a trial on August 26, 2015. Although the record reflects that the parties had notice and an opportunity to be heard as to a preliminary *Baker* Hearing, the record does not show that the Front Row Parties received notice and an opportunity to be heard as to a trial on the merits of the bill-of-review petition. *See Boateng*, 171 S.W.3d at 492–93. The trial court erred in dismissing the Front Row Parties' bill-of-review petition based on their failure to prove at a *Baker* Hearing that judgment was rendered against them in the underlying case unmixed with any fault or negligence on their part. *See Beck*, 771 S.W.2d at 142; *Baker*, 582 S.W.2d at 408–09; *Boateng*, 171 S.W.3d at 492. The trial court erred by converting the *Baker* Hearing into a trial on the merits of the Front Row Parties' bill-of-review petition. *See Boateng*, 171 S.W.3d at 492–93. This conversion violated the Front Row Parties' right to due process of law because they received no notice that the trial court would convert the *Baker* Hearing into a trial on the merits of the Front Row Parties' bill-of-review petition.[3] *See id.*

### D. The Due-Process Violation is Not Subject to Harm Analysis

In *Boateng*, this court held that although the parties had notice of a *Baker* Hearing, the parties did not receive notice and an opportunity to be heard as to a trial on the merits of a bill-of-review petition. *See Boateng*, 171 S.W.3d at 492–93. The *Boateng* court held that the trial court erred by converting a *Baker* Hearing

---

[3] The Front Row Parties preserved error regarding this violation by their objection during the hearing and by their arguments regarding the scope of the *Baker* Hearing.

11

into a trial on the merits of the bill-of-review petition after the hearing had ended. *See id.* The *Boateng* court held that this error deprived the bill-of-review respondents of due process because they received no notice of trial and no opportunity to be heard at what later became, by the trial court's declaration, the trial on the merits. *See id.* In *Boateng*, this court held that this due-process violation was not subject to a harm analysis. *See id.* at 494. The trial court in *Boateng* converted the *Baker* Hearing into a trial on the merits after the hearing had ended, whereas the trial court in today's case converted the *Baker* Hearing into a trial on the merits during the hearing. *See id.* at 491–92, 493. Nonetheless, when the trial court in today's case converted the *Baker* Hearing into a trial on the merits, the Front Row Parties timely protested that the hearing was limited to the issue of whether they had prima facie proof of a meritorious defense, and they obtained a ruling on an objection in this regard. Though the *Boateng* trial court ruled in favor of the bill-of-review petitioner rather than the respondents, we conclude that this is not a material distinction regarding the harm-analysis issue. Under the *Boateng* precedent, we conclude that the trial court's error in today's case is not subject to a harm analysis. *See id.* at 494–95. Because no harm analysis applies, we do not inquire into merits of the Front Row Parties' bill-of-review petition. *See id.* at 494–95. In addition, though the Front Row Parties were on notice that the trial court might dismiss their petition based on a determination that the Front Row Parties failed to present prima facie proof of a meritorious defense to the underlying claim, the trial court did not dismiss the petition on this basis. Therefore, we do not address whether the Front Row Parties presented prima facie proof on this issue. Accordingly, we sustain the Front Row Parties' sole issue.

12

## CONCLUSION

The trial court dismissed the Front Row Parties' bill-of-review petition based on their failure to prove at a *Baker* Hearing that judgment was rendered against them in the underlying case unmixed with any fault or negligence on their part. The trial court erred by converting the *Baker* Hearing into a trial on the merits of the Front Row Parties' bill-of-review petition. This conversion violated the Front Row Parties' right to due process of law because they received no notice that the trial would convert the *Baker* Hearing into a trial on the merits of their petition. Under this court's precedent in *Boateng*, the trial court's error is not subject to a harm analysis. Though the Front Row Parties were on notice that the trial court might dismiss their petition if they failed to present prima facie proof of a meritorious defense at the *Baker* Hearing, the trial court did not dismiss the petition on this basis, so we do not address whether the Front Row Parties presented prima facie proof on this issue. Accordingly, we reverse the trial court's order dismissing the bill-of-review petition, and we remand the case to the trial court for further proceedings in accordance with this opinion.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices McCally and Brown (McCally, J., concurring).