**Opinion issued August 1, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00089-CV

———————————

**THOMAS MOCCIA, Appellant**

**V.**

**CYNTHIA BENN F/K/A CYNTHIA BENN MOCCIA, Appellee**

---

**On Appeal from the 328th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 22-DCV-298462**

---

## MEMORANDUM OPINION

Appellant Thomas Moccia ("Moccia"), appearing pro se, appeals from the trial court's order dismissing his petition for bill of review challenging the entry of a prior agreed final decree of divorce and awarding attorney's fees to appellee Cynthia Benn f/k/a Cynthia Benn Moccia ("Benn"). In six issues on appeal, Moccia

argues that the trial court erred by entering this order because: (1) factual disputes existed; (2) the court did not consider evidence of extrinsic and constructive fraud; (3) the court did not consider evidence of Benn's breach of the parties' mediated settlement agreement and the agreed final divorce decree; (4) the court erred by awarding attorney's fees to Benn; (5) the court did not consider evidence of his reliance on counsel in agreeing to the parties' mediated settlement agreement and the agreed final divorce decree; and (6) the court did not permit him or his witnesses to testify. We affirm.

## Background

Moccia and Benn were married in 2011. In 2015, they lived together in a house on McDonough Way in Katy, Texas ("the subject property"). In February 2015, Moccia signed a quitclaim deed conveying his rights and interest in the subject property to Benn. The parties later decided to divorce.[1] In June 2022, the parties entered into a mediated settlement agreement concerning the division of their marital property. Relevant here, the settlement agreement included a spreadsheet of the parties' assets which listed the subject property as Benn's separate property. The parties also agreed that Benn would return Moccia's pilot license and logbook and his father's gun. The parties stipulated that the agreement was "not subject to

---

[1] The record does not indicate when the divorce petition was filed, but the record and the parties' arguments indicate that the divorce proceeding was instituted sometime after Moccia signed the quitclaim deed.

2

revocation and is binding on all parties." Moccia and Benn signed each page of the settlement agreement, including the spreadsheet listing the subject property as Benn's separate property and the stipulations.

Pursuant to the settlement agreement, the trial court signed an agreed final decree of divorce on July 8, 2022. The decree confirmed the subject property as Benn's separate property. Both parties signed the decree agreeing to its form and substance. Moccia did not file a motion for new trial or a direct appeal of the divorce decree.

In November 2022, Moccia filed a petition for bill of review, which he later amended. In the first amended petition for bill of review, Moccia alleged that he was prevented from asserting a meritorious claim or defense during the divorce proceeding which would have entitled him to a greater portion of the marital estate than he was awarded in the divorce decree. Moccia alleged that Benn fraudulently induced him to sign a one-page document "for mortgage purposes" that was actually a quitclaim deed to the subject property. Moccia alleged that he paid the down payment on the subject property from his separate property and used his income to pay the mortgage payments during the parties' marriage. Moccia further argued that he relied on the advice of his counsel in signing the mediated settlement agreement reflecting that the subject property was Benn's separate property, and thus he was prevented from claiming his interest in the subject property until after the deadlines

to file a motion for new trial or an appeal had expired. The petition attached the mediated settlement agreement, which included the marital asset spreadsheet, and the agreed final divorce decree.

Benn filed an answer and a brief requesting that the trial court dismiss the petition for bill of review. Benn attached a copy of the quitclaim deed showing that by his signature, Moccia had conveyed his rights and interest in the subject property to Benn. The quitclaim deed included a printed date of "August ___, 2014," which was crossed out, and someone handwrote "Feb. 3rd, 2015." Moccia and Benn each signed the deed, and a notary public certified the deed on February 3, 2015.

The trial court set an evidentiary hearing on Moccia's petition for bill of review. Moccia did not introduce any evidence at the hearing. Rather, Moccia's counsel argued the same allegations included in the pleadings, i.e., that Benn had fraudulently induced Moccia to sign the quitclaim deed by presenting him with a one-page document and asking him to sign it without telling him that the document conveyed his rights and interest in the subject property to her. Moccia argued that the settlement agreement was obtained by fraud due to "his mental state at the time of the mediation" such that Moccia needed "to absorb that information and [have] time to process it." Moccia also argued that Benn was "unjustly enriched" by the agreement. Benn responded that her disclosures during the divorce proceeding included a claim that the subject property was her separate property. She also

disputed that Moccia had signed a one-page document because the quitclaim deed reflected that he signed both pages of the two-page document.

At the end of the hearing, Benn's attorney testified about her fees in the case. The trial court admitted into evidence the contract for legal services between Benn and her attorney and invoices for legal fees. The trial court then stated that it would dismiss the petition for bill of review and take Benn's request for attorney's fees under advisement.

On February 2, 2023, the trial court signed an order dismissing the petition for bill of review. The order required Moccia to withdraw and remove a lis pendens he had filed on the subject property. The order also awarded Benn $3,337 in attorney's fees. This appeal followed.

**Bill of Review**

In five issues on appeal, Moccia argues that the trial court erred by dismissing the bill of review because fact questions existed, the trial court did not consider evidence of his alleged meritorious defenses, and Benn breached the mediated settlement agreement and the agreed final divorce decree. Moccia also argues that the trial court erred by awarding attorney's fees to Benn.

**A.    Standard of Review**

Generally, appellate courts review a trial court's ruling on a bill of review for an abuse of discretion. *Joseph v. Jack*, 624 S.W.3d 1, 6 (Tex. App.—Houston [1st

5

Dist.] 2021, no pet.). However, as discussed below, the trial court may dismiss a bill of review in a pretrial proceeding if the petitioner fails to present prima facie evidence of a meritorious defense. *See Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979). Whether the petitioner presented prima facie proof of a meritorious defense is a legal question that we review de novo. *Id.* at 408–09; *Pope v. Perrault*, No. 01-21-00648-CV, 2023 WL 4003516, at *4 (Tex. App.—Houston [1st Dist.] June 15, 2023, no pet.) (mem. op.); *Morris v. O'Neal*, 464 S.W.3d 801, 806 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Appellate courts liberally construe a pro se litigant's brief to reach his appellate issues on the merits when possible. *See Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Nevertheless, pro se litigants are held to the same standards as licensed attorneys and must comply with applicable rules of procedure. *Id.*

**B.    Law Governing Bills of Review**

A bill of review is an equitable proceeding to set aside a prior judgment that is no longer subject to challenge by motion for new trial or appeal. TEX. R. CIV. P. 329b(f); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Baker*, 582 S.W.2d at 406. To obtain a bill of review, a petitioner must plead and prove: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) the petitioner was prevented from asserting the meritorious defense by the

6

opposing party's fraud, accident, or wrongful act or by official mistake; and (3) the petitioner was not at fault or negligent.[2] *King Ranch*, 118 S.W.3d at 751–52.

Courts scrutinize bills of review seeking relief from otherwise final judgments "with extreme jealousy." *Boaz v. Boaz*, 221 S.W.3d 126, 131 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Because of "the fundamental policy that judgments must become final at some point," the grounds that will support a bill of review are narrow and restricted. *King Ranch*, 118 S.W.3d at 751; *Boaz*, 221 S.W.3d at 131. "Although a bill of review is an equitable proceeding, the fact that an injustice may have occurred is not sufficient to justify relief by bill of review." *Boaz*, 221 S.W.3d at 131.

Courts ordinarily use a two-step inquiry when deciding a bill of review. *Baker*, 582 S.W.2d at 408–09; *see also Beck v. Beck*, 771 S.W.2d 141, 141–42 (Tex. 1989). As a pretrial matter, the court should first determine whether the petitioner has presented prima facie proof of the first bill-of-review element: a meritorious defense to the prior judgment. *Beck*, 771 S.W.2d at 142; *Baker*, 582 S.W.2d at 408; *see also Ramsey v. State*, 249 S.W.3d 568, 576 (Tex. App.—Waco 2008, no pet.) ("The

---

[2] When a bill of review is premised on lack of service or notice of a trial setting in the prior proceeding, the petitioner is relieved of proving the first two elements. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812–13 (Tex. 2012) (per curiam); *Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004) (per curiam). Lack of service or notice of the trial setting in the underlying divorce proceeding is not at issue in this appeal.

7

*Baker* pretrial hearing is a 'suggested procedure' which a trial court may choose not to employ."). "This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious 'full-blown' examination of the merits" of the bill of review. *Baker*, 582 S.W.2d at 408. The "only relevant inquiry" in this pretrial determination "is whether the petitioner has presented prima facie proof of a meritorious defense." *Beck*, 771 S.W.2d at 142.

The petitioner presents prima facie proof of a meritorious defense by establishing that (1) the defense is not barred as a matter of law and (2) the petitioner would be entitled to judgment on retrial if no contrary evidence is offered. *Baker*, 582 S.W.2d at 408–09; *Maree v. Zuniga*, 502 S.W.3d 359, 365 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Prima facie proof may consist of documents, answers to interrogatories, admissions, and affidavits as well as other evidence that the trial court may receive in its discretion. *Baker*, 582 S.W.2d at 409. The bill-of-review respondent may present proof that the petitioner's defense is barred as a matter of law, but any fact questions are resolved in favor of the petitioner for purposes of this pretrial determination. *Id.* "In cases involving bills of review to set aside divorce decrees regarding division of property, courts have held that a meritorious claim is presented by proof that the petitioner would obtain a more favorable property division on retrial." *Maxwell v. Maxwell*, No. 14-20-00298-CV, 2021 WL 4956881, at *9 (Tex. App.—Houston [14th Dist.] Oct. 26, 2021, pet. denied) (mem. op.)

(quoting *Elliott v. Elliott*, 21 S.W.3d 913, 919 (Tex. App.—Fort Worth 2000, pet. denied)); *Martin v. Martin*, 840 S.W.2d 586, 592 (Tex. App.—Tyler 1992, writ denied).

If the petitioner does not present prima facie evidence of a meritorious defense, the court shall dismiss the case after this first step. *Beck*, 771 S.W.2d at 142; *Baker*, 582 S.W.2d at 409. But if the petitioner does present prima facie proof of a meritorious defense, then the court proceeds to the second step: discovery and a trial on the merits of the bill of review.[3] *Beck*, 771 S.W.2d at 142; *Baker*, 582 S.W.2d at 409; *Boateng v. Trailblazer Health Enters., L.L.C.*, 171 S.W.3d 481, 488 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). If the petitioner proves his entitlement to a bill of review, the parties revert to their original status as plaintiff and defendant, and the plaintiff bears the burden to prove her case. *Baker*, 582 S.W.2d at 407–08, 409.

## C.    Analysis

In his first, second, third, fifth, and sixth issues, Moccia contends that he was entitled to a more favorable division of the parties' marital assets than he was

---

[3]    In this context, "trial" contemplates the possibility of a summary judgment on a party's motion. *Maree v. Zuniga*, 502 S.W.3d 359, 362 n.2, 365 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Boateng v. Trailblazer Health Enters., L.L.C.*, 171 S.W.3d 481, 492 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("The trial court had discretion to entertain cross-motions for summary judgment before conducting a *Baker* hearing.").

awarded in the agreed final divorce decree. Moccia argues that the decree awarded the subject property to Benn as her separate property without compensating him for his rightful interest in the property. According to Moccia, during the parties' marriage, Benn fraudulently induced him to convey his interest in the subject property to her. Consequently, the subject property became Benn's separate property, and the trial court confirmed the property as her separate property during the divorce proceeding. Moccia further argues that he did not learn about the fraud until after the deadline to file a motion for new trial or appeal of the divorce proceeding because he had relied on his counsel in signing the mediated settlement agreement and agreeing to the final divorce decree.

Moccia made these same allegations in his first amended petition for bill of review. That is, the petition alleged that during the parties' marriage, Moccia signed a one-page document that Benn presented to him "for mortgage purposes," but this document was actually a quitclaim deed conveying his interest in the subject property to Benn. The petition further alleged that Moccia relied on the advice of his counsel at mediation, and counsel "induced" him to sign the mediated settlement agreement listing the subject property as Benn's separate property. This agreement formed the basis of the agreed final divorce decree.

Moccia attached several documents to his petition. He attached the mediated settlement agreement, which included a spreadsheet listing the parties' assets. This

spreadsheet listed the subject property as "100%" Benn's separate property. Moccia signed each page of the agreement, including the spreadsheet page referencing the subject property as Benn's separate property. Moccia also attached the agreed final divorce decree, which confirmed the subject property as Benn's separate property. Moccia signed the decree approving and consenting to its form and substance. Moccia did not attach any other documents, but Benn's pleadings attached the challenged quitclaim deed. The deed reflected that on February 3, 2015, Moccia quitclaimed to Benn all his right, title, and interest in the subject property. Moccia signed the quitclaim deed before a notary.

The trial court held a hearing on the bill of review. At this hearing, Moccia did not introduce any evidence or request that the trial court take judicial notice of the documents attached to his pleadings. The trial court, however, stated that it had read the petition for bill of review and understood Moccia's fraud allegations. At the end of the hearing, the trial court stated that it would dismiss the petition for bill of review. The court later signed an order dismissing the bill of review.

The appellate record indicates that the trial court dismissed the bill of review at the preliminary *Baker* stage of the proceeding. *See id.* at 407–09. To meet his burden at this stage, Moccia was required only to present prima facie proof of a

11

meritorious defense.[4] *See id.* at 408. That is, Moccia was required to present proof that (1) the claim or defense was not barred as a matter of law, and (2) he would be entitled to judgment on retrial if no evidence to the contrary was offered. *See id.* at 408–09; *Maree*, 502 S.W.3d at 365. The "only relevant inquiry" at this stage was whether Moccia "presented prima facie proof of a meritorious defense." *See Beck*, 771 S.W.2d at 142.

Ordinarily at this preliminary stage, Moccia would not be required to present evidence of fraud because that is a separate element from the meritorious defense element. *See id.*; *King Ranch*, 118 S.W.3d at 751–52 (listing elements of bill of review). However, Moccia's petition alleged a meritorious claim or defense which involved fraud. Namely, Moccia alleged that Benn fraudulently induced him to sign a quitclaim deed conveying his interest in the subject property to her, which she then used to claim the property as her separate property during the divorce proceeding. Thus, because fraud is part of Moccia's allegation concerning a meritorious claim or defense, he was required to present prima facie proof of fraud to advance beyond the preliminary *Baker* stage. *See Beck*, 771 S.W.2d at 142 (stating that petitioner must "present prima facie proof of a meritorious defense as a pretrial matter").

---

[4]    To the extent the hearing was a trial on the merits of the bill of review, our decision remains the same because Moccia did not introduce any evidence at the hearing to meet his burden to prove the elements of a bill of review. *See Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979) (stating that at trial on bill of review, petitioner "must open and assume the burden of proving" elements of bill of review).

12

Moccia did not, however, introduce any evidence at the pretrial hearing. His counsel twice argued what the evidence would show "[i]f we had a hearing," but counsel did not attempt to introduce any evidence. *See Baker*, 582 S.W.2d at 408 (stating that petitioner has burden to present prima facie proof of meritorious defense at preliminary stage of proceeding); *see also Beck*, 771 S.W.2d at 142 (same).

On appeal, both parties' arguments rely on documents attached to their pleadings, namely the quitclaim deed, the mediated settlement agreement, and the agreed final divorce decree.[5] On their face, these documents do not reveal any fraudulent conduct. To the contrary, the quitclaim deed reflects that Moccia conveyed his interest in the subject property to Benn, as shown by both parties' signatures and a notary certification on the deed. Moreover, Moccia signed the mediated settlement agreement and agreed final decree of divorce, both of which reflect his agreement that the subject property was solely Benn's separate property. There is no indication of fraud in these documents. The trial court had no other evidence before it prior to dismissing the bill of review. Thus, contrary to Moccia's assertion that Benn defrauded him of his interest in the subject property, the

---

[5] Generally, documents attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court. *Pitts v. Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n*, 622 S.W.3d 596, 599 (Tex. App.—Dallas 2021, no pet.). On appeal, however, Benn does not challenge Moccia's reliance on documents attached to the pleadings, and the trial court stated that it had reviewed the pleadings. We therefore assume without deciding that the trial court considered these documents in ruling on the bill of review. Accordingly, we will also consider these documents.

uncontroverted evidence reflects that the subject property was lawfully Benn's separate property.

No record evidence supports Moccia's argument that Benn asked him to sign a one-page document "for mortgage purposes," but the document was actually a quitclaim deed. Nor does any evidence support Moccia's argument that he did not learn that he had conveyed the subject property to Benn or that he was agreeing that the subject property was Benn's separate property until the divorce proceeding was final. *See, e.g.*, *Baker*, 582 S.W.2d at 409 (stating that affidavits constitute prima facie proof in bill of review proceeding).

We note that eight months after the trial court dismissed the bill of review, Moccia filed multiple documents in the trial court and requested inclusion of these documents in the appellate record. *See* TEX. R. APP. P. 34.5(c)(1) (authorizing party to request that trial court clerk supplement clerk's record with relevant omitted item). These documents recited various facts concerning Moccia's fraud allegations at issue here, and Moccia signed the documents. Moccia also attached various bank statements and other documents purporting to support his factual statements. We cannot, however, consider these documents on appeal.

"We do not consider evidence that was not before the trial court at the time it made its ruling in the case." *Fryday v. Michaelski*, 541 S.W.3d 345, 352 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Methodist Hosps. of Dallas v. Tall*,

14

972 S.W.2d 894, 898 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.) ("It is axiomatic that an appellate court reviews actions of a trial court based on the materials before the trial court at the time it acted."). Moccia submitted these documents to the trial court after the court dismissed the bill of review. Because these documents were not before the trial court when it made its ruling, we may not consider the documents in deciding whether the trial court erred by dismissing the bill of review. *See Fryday*, 541 S.W.3d at 352; *Tall*, 972 S.W.2d at 898. We therefore conclude that no record evidence supports Moccia's allegation that he was deprived of his interest in the subject property due to fraud. *See Baker*, 582 S.W.2d at 409 ("If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case.").

On appeal, Moccia argues that the trial court erred by dismissing the bill of review because factual disputes existed. However, at the preliminary stage of the bill of review proceeding, Moccia was required only to present prima facie proof of a meritorious defense. *See Beck*, 771 S.W.2d at 142 (stating that "only relevant inquiry" at pretrial *Baker* stage "is whether the petitioner has presented prima facie proof of a meritorious defense"). At this preliminary stage, "factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination." *Baker*, 582 S.W.2d at 409. Thus, to the extent

15

factual disputes existed, the trial court and this Court resolved such disputes in Moccia's favor.

Moccia also argues that the trial court erred by (1) not considering extrinsic and constructive evidence of fraud concerning his execution of the quitclaim deed; and (2) not permitting him or his witnesses to testify at trial. Before a party may present a complaint for appellate review, however, the record must show that the complaint was made to the trial court by a timely request, objection, or motion stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). The record must also show that the trial court ruled on the complaint or refused to rule on it. TEX. R. APP. P. 33.1(a)(2). Moccia did not introduce any documentary evidence or witness testimony at the hearing. His counsel did argue about what the evidence would show "[i]f we had a hearing." To the extent this argument constituted a complaint that the trial court was not receiving evidence at the hearing, Moccia did not obtain a ruling on the complaint. Therefore, because the record does not show that he sought to introduce any evidence of fraud or that he received a ruling on any such request, Moccia has not preserved these issues for appellate review. *See* TEX. R. APP. P. 33.1(a).

Moccia also argues that the trial court erred by refusing to consider his defense that he relied on his counsel in signing the mediated settlement agreement and agreed

16

final divorce decree. According to Moccia, he was not aware that he had signed a quitclaim deed or conveyed his interest in the subject property to Benn until after mediation, entry of the agreed final divorce decree, and the expiration of time to file a motion for new trial or appeal in the divorce proceeding. As Benn points out, however, "allegations of fraud or negligence on the part of a party's attorney are insufficient to support a bill of review." *See King Ranch*, 118 S.W.3d at 752. Even if the petitioner alleges that his attorney's wrongful act caused an adverse judgment, the petitioner is not excused from pleading and proving his opponent's extrinsic fraud. *Id.* As discussed above, Moccia did not offer any evidence at the hearing that Benn engaged in fraud. *See id.* We therefore conclude that Moccia's reliance on his counsel's advice in signing the mediated settlement agreement and agreed final divorce decree does not support a bill of review.

Finally, Moccia argues that the trial court erred by not considering that Benn had breached the mediated settlement agreement and the agreed final divorce decree. Moccia argues that these documents required Benn to return Moccia's pilot license and logbook and his father's gun, but she had not done so. This argument, however, does not concern a meritorious claim or defense to the divorce proceeding, which is the "only relevant inquiry" at the pretrial stage of a bill of review. *See Beck*, 771 S.W.2d at 142. Therefore, any alleged breach by Benn of the mediated settlement agreement and agreed final divorce decree does not support a bill of review.

17

We conclude that Moccia did not present prima facie proof of a meritorious defense to the prior divorce decree. *See id.*; *Baker*, 582 S.W.2d at 408; *Maxwell*, 2021 WL 4956881, at \*9. Accordingly, we hold that the trial court did not err by dismissing the bill of review.

We overrule Moccia's first, second, third, fifth, and sixth issues.

**D.    Attorney's Fees**

In his fourth issue, Moccia contends that the trial court erred by awarding attorney's fees to Benn in the bill-of-review proceeding. Moccia does not provide any analysis or legal authority relating to this issue. A party's failure to cite to appropriate legal authority or to provide substantive analysis of the legal issues presented results in a waiver of the complaint on appeal. *See* TEX. R. APP. P. 38.1(i); *Guimaraes v. Brann*, 562 S.W.3d 521, 538 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). We conclude that Moccia has waived appellate review of this issue.

But even if he had not waived this issue for review, we find no error in the trial court's award of attorney's fees. The trial court has broad discretion in awarding attorney's fees to either party and in determining the amount of attorney's fees to be awarded in any case in which attorney's fees are recoverable. *In re Marriage of Mobley*, 503 S.W.3d 636, 645 (Tex. App.—Texarkana 2016, pet. denied). We will not overturn an award of attorney's fees absent a clear abuse of discretion. *Id.*

A party who successfully defends a bill of review is entitled to recover attorney's fees in the bill-of-review proceeding if recovery of attorney's fees is authorized in the prosecution of the underlying case. *Meece v. Moerbe*, 631 S.W.2d 729, 730 (Tex. 1982); *In re Marriage of Mobley*, 503 S.W.3d at 645. More specifically, an award of attorney's fees is available if it would have been available in an appeal of the underlying case. *In re Marriage of Mobley*, 503 S.W.3d at 645; *State ex rel. Mattox v. Buentello*, 800 S.W.2d 320, 327 (Tex. App.—Corpus Christi–Edinburg 1990, no writ).

Family Code section 6.708 authorizes a trial court to award reasonable attorney's fees and costs to a party in a suit for dissolution of a marriage. TEX. FAM. CODE § 6.708(c); *In re Marriage of Comstock*, 639 S.W.3d 118, 142 (Tex. App.—Houston [1st Dist.] 2021, no pet.). Trial courts have broad discretion to award reasonable attorney's fees in an appeal of a divorce action. *In re Marriage of Mobley*, 503 S.W.3d at 645 (citing *Dickson v. McWilliams*, 543 S.W.2d 868, 871 (Tex. App.—Houston [1st Dist.] 1976, no writ)). Texas courts have held that a party who successfully defends against a bill of review of a divorce proceeding may recover attorney's fees because they would have been available during an appeal of the underlying divorce decree. *E.g., id.*

Here, because attorney's fees were recoverable in the underlying divorce proceeding, the trial court had discretion to award attorney's fees in the bill of review

proceeding. *See Meece*, 631 S.W.2d at 730; *In re Marriage of Mobley*, 503 S.W.3d at 645; TEX. FAM. CODE § 6.708(c); *see also Bakali v. Bakali*, 830 S.W.2d 251, 257 (Tex. App.—Dallas 1992, no writ) ("Because husband could have recovered attorney's fees if wife had appealed the divorce decree, the trial court did not err in awarding attorney's fees in this bill of review proceeding."). At the hearing, Benn's attorney testified about her legal representation of Benn in the bill of review proceeding, including her hourly rate. The trial court admitted into evidence the contract for legal services between Benn and her attorney, which confirmed counsel's hourly rate. The court also admitted into evidence invoices segregating and describing the fees charged for representation of Benn. This evidence supported the trial court's award of $3,337 in attorney's fees to Benn. Accordingly, we hold that the trial court did not abuse its discretion by awarding attorney's fees to Benn.

We overrule Moccia's fourth issue.

### Conclusion

We affirm the judgment of the trial court.


April L. Farris
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

20